ACCEPTED
04-14-00655-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
4/28/2015 1:43:34 PM
KEITH HOTTLE
CLERK

**NO. 04-14-00655-CV**

**IN THE COURT OF APPEALS
FOURTH COURT OF APPEALS DISTRICT
SAN ANTONIO, TEXAS**

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
04/28/2015 1:43:34 PM
KEITH E. HOTTLE
Clerk

**IVARENE HOSEK AND VICTOR HOSEK,**
**Appellants**

V.

**ROSALE SCOTT,**
**Appellee**

Appealed from the 81st Judicial District Court
of Atascosa County, Texas, Honorable Fred Shannon, Presiding

**APPELLEE'S BRIEF**

G. WADE CALDWELL
State Bar No. 03621020
Email: gcaldwell@beclaw.com
RAQUEL G. PEREZ
State Bar No. 00784746
Email: rperez@beclaw.com
**BARTON, EAST & CALDWELL, PLLC**
One Riverwalk Place, Suite 1825
700 North St. Mary's Street
San Antonio, TX 78205
Telephone: (210) 225-1655
Facsimile: (210) 225-8999

**ATTORNEYS FOR APPELLEE
ROSALE SCOTT**

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................i

INDEX OF AUTHORITIES.......................................................................................iv

INDEX OF RECORD CITE ABBREVIATIONS ...............................................viii

STATEMENT OF THE CASE.................................................................................ix

STATEMENT ON ORAL ARGUMENT ...............................................................x

ISSUES PRESENTED................................................................................................x

I.      INTRODUCTION.................................................................................................1

II.     STATEMENT OF FACTS..................................................................................2

      A.      The Relevant Tracts of Property .............................................................5

      B.      Conveyance of Voigt Tract to Appellants and Appellee ......................6

      C.      Partition of Surface and Agreement Not to Partition Minerals in Partition Deed....................................................................................................6

      D.      Scott Deeds the 38.5 Acre Tract to the Appellants ..............................7

      E.      Scott Sells the Morales Tract ...................................................................8

      F.      Scott Sells the King Tract.........................................................................8

      G.      Procedural History.....................................................................................8

      H.      The Court Granted Appellee Attorneys' Fees.......................................9

III.    SUMMARY OF THE ARGUMENT...............................................................10

IV.     STANDARD OF REVIEW ...............................................................................12

A.    Standard of Review Applicable to Granting of Summary Judgment (Appellants' First and Second Issues)...................................................12

B.    Standard of Review Applicable to Awarding of Attorneys' Fees (Appellants' Third Issue) ...................................................................13

C.    Standard of Review Applicable to Awarding of Costs (Appellants' Fourth Issue)...................................................................................13

V.    ARGUMENT .........................................................................................13

A.    The Granting of Summary Judgment Was Not Error .........................13

    1.    Appellants Failed to Plead Ambiguity........................................13

    2.    Law Applicable to Deed Interpretation .....................................14

        a.  If a Court Determines a Deed is Not Ambiguous, It Will Construe It As a Matter of Law ...........................................14

        b.  Conflicting Interpretations by the Parties Do Not Create Ambiguity ..........................................................................15

        c.  The Court is Required to Determine the Parties' Intent From the Language in the Deed Not From Parol Evidence..........................................................................16

    3.    The Trial Court Correctly Determined That the Deed was Unambiguous and Construed the Deed as Matter of Law........17

        a.  The First Clause in the Sentence Expressly Reserved the Oil, Gas and Other Minerals From the Partition........................17

        b.  The Second Clause of the Sentence Evidences an Agreement Not to Partition the Minerals For a Specified Period of Time in the Future ....................................................................18

        c.  The Deed was Unambiguous and the Interpretation Makes Sense ..........................................................................20

4.     Parol Evidence is Not Admissible Because the Deed is Not Ambiguous ...................................................................22

5.     The Evidence Offered by Appellants is Incompetent and Does Not Create a Fact Issue .........................................23

     a.     Affidavit of Allen D. Cummings is Incompetent and Does Not Create Fact Issue ..................................23

     b.     Affidavit of Ivarene Hosek ................................24

     c.     The Letter Offered by Appellants is Incompetent ..............26

     d.     The Deposition Excerpts of Appellee Are Incompetent ....26

6.     Appellants Have Waived All Arguments That Were Not Asserted In Response to Appellee's Summary Judgment Motion ...................................................................26

B.     The Trial Court Did Not Abuse Its Discretion When It Awarded Attorneys' Fees ...................................................................30

C.     The Trial Court Did Not Abuse Its Discretion on the Issue of Costs .32

VI.     CONCLUSION ...................................................................35

VII.     PRAYER     ...................................................................35

CERTIFICATE OF COMPLIANCE ...................................................................36

CERTIFICATE OF SERVICE ...................................................................37

APPENDIX     ...................................................................38

# INDEX OF AUTHORITIES

## Cases

*Alvarado v. State,*
912 S.W.2d 199 (Tex.Crim.App. 1995) ................................................................ 3

*Bavishi v. Sterling Air Condition, Inc.,*
2011 Tex.App. LEXIS 6271 (Tex.App.—Houston [1st Dist.] 2011, no pet.) ....... 25

*Bocquet v. Herring,*
972 S.W.2d 19 (Tex. 1998)................................................................................. 30

*Bowers v. Taylor,*
263 S.W.3d 260 (Tex.App.—Houston [1st Dist.] 2007, no pet.)........................... 12

*Christus Health & Christus Health Gulf Coast v. Dorriety*,
345 S.W.3d 104 (Tex.App.—Houston [14th Dist.] 2011, pet. denied)..............13, 32

*City of Temple v. Taylor,*
268 S.W.3d 852 (Tex.App.—Austin 2008, pet. denied) .............................13, 30, 31

*Columbia Gas Trans. Corp. v. New Ulm Gas,*
940 S.W.2d 587 (Tex. 1996)............................................................................... 15

*Crozier v. Horne Children Maint. and Educ. Trust,*
597 S.W.2d 418 (Tex.App.—San Antonio 1980, writ ref'd, n.r.e.)............14, 17, 21

*Dimock v. Kadane,*
100 S.W.3d 622 (Tex.App.—Eastland 2003, pet. denied) .................................... 19

*Double Diamond, Inc. v. Saturn,*
339 S.W.3d 337 (Tex.App.—Dallas 2011, pet. denied)........................................ 31

*Dubose v. Worker's Medical P.A.,*
117 S.W.3d 916 (Tex.App.—Houston [14th Dist.] 2003, no pet.)........................ 27

*Fisher v. Wynn,*
2011 Tex.App. Lexis 6031 (Tex.App. Tyler Aug. 3, 2011, no pet.).................... 16

*Frost Nat'l Bank v. L&F Distribs., Ltd.,*
165 S.W.3d 310 (Tex. 2005).................................................................. 16

*GuideOne Elite Ins. v. Fielder Rd. Baptist Ch.,*
197 S.W.3d 305 (Tex. 2006).................................................................. 30

*Henson v. Southwest Airlines Co.,*
180 S.W.3d 841 (Tex.App.—Dallas 2005, pet. denied)........................................ 12

*Heritage Res., Inc. v. NationsBank,*
939 S.W.2d 118 (Tex. 1996)................................................................. 14

*Hot-Hed, Inc. v. Safehouse Habitats (Scotland), Ltd.,*
333 S.W.3d 719 (Tex.App.—Houston [1st Dist.] 2010, pet. denied) ..........13, 32, 34

*KPMG Peat Marwick v. Harrison County Hous. Fin.,*
988 S.W.2d 746 (Tex. 1999)................................................................. 12

*Laidlaw Waste Sys. v. City of Wilmer,*
904 S.W.2d 656 (Tex. 1995).................................................................. 5

*Lawton v. State,*
913 S.W.2d 542 (Tex.Crim.App. 1995) ....................................................... 3

*Lichtenstein v. Lichtenstein Bldg. Corp.,*
442 S.W.2d 765 (Tex.Civ.App.—Corpus Christi 1969, no writ)........................... 19

*Long v. Hitzelberger,*
602 S.W.2d 321 (Tex.App.—Eastland 1980, no writ) ..................................... 19

*Luckel v. White,*
819 S.W.2d 459 (Tex. 1991)................................................................16, 17, 21

*MCEN 1996 Pshp v. Glassell,*
42 S.W.3d 262 (Tex.App.—Corpus Christi 2001, pet. denied) ........................... 19

*Mega Child Care, Inc. v. Texas Dep't of Protective & Regulatory Servs.,*
29 S.W.3d 303 (Tex.App.—Houston [14th Dist.] 2000, no pet.).......................... 24

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. CBI Indus., Inc.,*
907 S.W.2d 517 (Tex. 1995)..................................................................... 23

*Nawas v. R&S Vending,*
920 S.W.2d 734 (Tex.App.—Houston [1ˢᵗ Dist.] 1996, no writ) ........................... 3

*Omohundro v. Ramirez-Justus,*
392 S.W.3d 218 (Tex.App.—El Paso 2012, pet. denied)..................................... 3

*PYR Energy Corp. Samson Res. Co.,*
456 F.Supp.2d 786 (E.D. Tex. 2006)...................................................... 18

*Roehrs v. FSI Holdings, Inc.,*
246 S.W.3d 796 (Tex.App.—Dallas 2008, pet. denied)..................................... 12

*Ryland Grp. v. Hood,*
924 S.W.2d 120, 122 (Tex. 1996)......................................................... 25

*SAS Inst., Inc. v. Breitenfeld,*
167 S.W.3d 840 (Tex. 2005)...........................................................15, 23

*Security Development Co. v. Hidalgo County Drainage Dist. No. 1,*
124 S.W.2d 178 (Tex.Civ.App.—Amarillo 1938, no writ)................................... 18

*Slavens v. James,*
229 S.W. 317 (Tex. Comm'n App. 1921, judgm't adopted)................................. 16

*State v. Kirkpatrick,*
299 S.W.2d 394 (Tex.Civ.App.—Dallas 1957,
writ ref'd n.r.e.) ...................................................................... 19

*Stradt v. First United Methodist Church,*
573 S.W.2d 186 (Tex. 1978)............................................................. 19

*Tello v. Bank One, N.A.,*
218 S.W.3d 109 (Tex.App.—Houston [14ᵗʰ Dist.] 2007, no pet.)......................... 27

*Terrill v. Tuckness,*
985 S.W.2d 97 (Tex.App.—San Antonio 1998, no pet.)................................... 14

*Universal C.I.T. Credit Corp. v. Daniel,*
243 S.W.2d 154 (Tex. 1951)............................................................... 15

*Warner v. Winn,*
191 S.W.2d 747, 751 (Tex.Civ.App.—San Antonio 1945, writ ref'd n.r.e.) ........ 19

*Welder v. Welder,*
794 S.W.2d 420 (Tex.App.—Corpus Christi 1990, no writ)................................ 24

*Western Invs., Inc. v. Urena,*
162 S.W.3d 547 (Tex. 2005)............................................................... 12

*World Help v. Leisure Lifestyles, Inc.,*
977 S.W.2d 662 (Tex.App.—Fort Worth 1998, pet. denied) ................................ 14

## Statutes and Rules

Tex. R. App. P. 34.5(b)(1) ...................................................................... 33

Tex. R. App. P. 38.1(e) ........................................................................ x

Tex. R. App. P. 38.1(g) ........................................................................ 3

Tex. R. App. P. 38.2(a)(1)(B) ............................................................. ix, 5

Tex. R. App. P. 39.1............................................................................ x

Tex. R. Civ. P. 94.............................................................................. 14

Tex. R. Civ. P. 166a(c) ....................................................................12, 27

Tex. R. Civ. Prac. & Rem. Code §37.009............................................... 30

Tex. R. Evid. 702 .............................................................................. 24

# INDEX OF RECORD CITE ABBREVIATIONS

| Abbreviation | Reference |
|---|---|
| Appellant App. ___ | Appendix to Appellant's Brief. |
| Appellee App. ___ | Appendix to Appellee's Brief. |
| CR ___ | Clerk's Record filed October 22, 2014. |
| Supp. CR ___ | Supplemental Clerk's Record filed January 21, 2015. |
| RR ___ | Reporter's Record on motion for Attorneys Fees refiled on December 29, 2014 with color exhibits (originally filed on December 24, 2014 with black and white exhibits). |

# STATEMENT OF THE CASE

Pursuant to Rule 38.2(a)(1)(B), T.R.A.P., Appellee Scott disagrees with the

Statement of the Case submitted by Appellants and therefore submits the following

Statement of the Case:

| | |
|---|---|
| ***Trial Court:*** | This case was filed by Appellants as a declaratory judgment action under Texas Civil Practice and Remedies Code § 37.001 *et seq.* (CR 1-5). Appellants requested the court to declare that they owned one hundred percent of the minerals under a tract of property in Atascosa County. (CR 75-77). Judge Fred Shannon granted partial summary judgment in favor of Appellee. (CR 147-149). Appellee filed a motion for attorneys' fees. (CR 152-200). A hearing was held on the issue of attorneys' fees, (RR 1-60 & exh 1, 2 and 3)[1], after which the Court awarded Appellee attorneys' fees of $39,500, plus conditional fees on appeal. (CR 216-217). Final Judgment was issued on June 19, 2014. (CR 210-215). |
| ***Post-trial and appeal*** | Appellants requested Finding of Facts and Conclusions of Law. (CR 227). Appellants filed a Motion for New Trial. (CR 248-250). The Court issued Findings of Fact and Conclusions of Law. (CR 405-412). Appellants filed a Notice of Appeal on September 22, 2014. (CR 415). |

---

[1] The Reporter's Record also includes Exhibits 1 (Affidavit with exhibits); 2 (attorneys' fees chart); and 3 (Resume) that were introduced at the hearing.

## STATEMENT ON ORAL ARGUMENT

The Court should grant oral argument because oral argument would significantly aid the Court in deciding this case. *See* Tex. R. App. P. 38.1(e), 39.1. Appellants' brief raises several theories and factual allegations in an attempt to complicate the case and obtain a reversal. Oral argument would aid the Court because it would permit the parties to focus on the relevant issues and answer questions regarding the language in the partition deed.

## ISSUES PRESENTED

**Reply to Issue Nos. 1 and 2**: The trial court did not err when it granted summary judgment because the Partition Deed was not ambiguous and parol evidence was not admissible. The sentence in the Deed contained two separate and independent clauses. The first clause clearly excluded the minerals from the partition. The second clause restricted the parties' ability to partition the minerals for 25 years or so long as oil and gas were being produced. At the end of the twenty-five year period, the parties regained their ability to partition. To the extent Appellants elect to use the term reverter, the only thing that reverted back after twenty-five years was the "ability" to partition. Furthermore, Appellants waived several of their arguments as they were not included in their response to summary judgment.

**Reply to Issue No. 3**: The trial court did not abuse its discretion in awarding attorneys' fees because the awarding of fees was authorized under the Declaratory Judgment Act and was equitable and just.

**Reply to Issue No. 4**: The trial court did not abuse its discretion on the issue of costs because the court did not require Appellants to pay costs and the documents designated by Appellee for inclusion in the record were reasonable.

**IN THE COURT OF APPEALS**
**FOURTH COURT OF APPEALS DISTRICT**
**SAN ANTONIO, TEXAS**

**IVARENE HOSEK AND VICTOR HOSEK,**
**Appellants**

V.

**ROSALE SCOTT,**
**Appellee**

**Appealed from the 81st Judicial District Court**
**of Atascosa County, Texas, Honorable Fred Shannon, Presiding**

**APPELLEE'S BRIEF**

Appellee, ROSALE SCOTT ("Scott"), responds to Appellant's Opening Brief (the "Brief") as follows:

## I.  INTRODUCTION

This case is about the interpretation of a Partition Deed that could not be clearer on one point – the minerals were not being partitioned.  The trial court granted summary judgment on the basis that the language was clear and interpreted the Deed as a matter of law, holding that the Deed partitioned the surface but not the minerals.  The Appellants argue the Deed is ambiguous when it clearly states:

**This partition does not include any of the oil, gas and other minerals in, on, or under the above-described tracts of land**, and same are to remain undivided for a period of twenty-five (25) years from the date hereof and as long thereafter as oil, gas, or other minerals are produced in paying quantities from the above described lands.

(CR 74-75) (Appellee App. Tab C) (emphasis added).

In addition to excluding the minerals from the partition, the parties agreed that they would not thereafter partition the minerals for twenty-five years and so long thereafter as oil, gas and other minerals are performed in paying quantities. After this twenty-five year period expired, if no oil, gas or other minerals were being produced, then the restriction on the parties' ability to partition was lifted and the parties could partition the minerals or choose to leave them undivided.

Appellants make a flailing attempt to argue unfairness and introduce parol evidence, most of which was untimely. There is no unfairness. Appellants own half the minerals on the land they received the surface of, and can pursue their claim to half the minerals on the land Ms. Scott sold. Appellants' attempts to grab more minerals should be rejected.

## II. STATEMENT OF FACTS

Appellee does not agree that Appellants' Statement of Facts is accurate or complete. Appellee objects to the Appellants' Statement of Facts because it contains conclusory, inaccurate, argumentative, unsupported allegations. The Court should disregard all alleged facts by Appellants for which there is no support

[2]

in the record and for which they failed to cite the record. "A party asserting error on appeal bears the burden of showing that the record supports the contention raised and of specifying the place in the record where matters upon which it relies or of which it complains are shown." *Omohundro v. Ramirez-Justus*, 392 S.W.3d 218, 221 (Tex.App.--El Paso 2012, pet. denied). (citations omitted). When appellate issues are unsupported by argument or lack citation to the record or legal authority, nothing is presented for review. *Id.* (citations omitted). A court is not required to sift through the record in search of facts supporting a party's position. Tex. R. App. P. 38.1(g); *Lawton v. State*, 913 S.W.2d 542, 554 (Tex.Crim.App. 1995) (when a party does not refer the appellate court to the precise pages in the record where the error allegedly occurred, the appellate court may properly overrule the issue as inadequately briefed); *Alvarado v. State*, 912 S.W.2d 199, 210 (Tex. Crim. App. 1995) (it is not an appellate court's task to review the record in an attempt to verify appellant's claims); *Nawas v. R & S Vending*, 920 S.W.2d 734, 737 (Tex.App.–Houston [1st Dist.] 1996, no writ) (appellate brief must include a fair, condensed statement of facts pertinent to the points of error raised with references to pages in record where facts may be found).

Appellants' Statement of Facts is riddled with alleged facts that are not supported with citation to the record or contain citations to the record that are incorrect. For example, the Statement of Facts asserts that an "ambiguity" of the

[3]

Deed caused a landman to send a quit claim Deed to Ms. Scott. (Appellants' Brief at p. 2). Appellants have cited no support in the record as to the wholly speculative reasons of what allegedly caused a landman to send a quit claim deed to Ms. Scott. (*Id.*) The Statement of Facts also asserts, ". . . but up until the quit claim deed, the parties treated the minerals in similar fashion. (Appellants' Brief at p. 2). This statement, as well as the sentence before it, contain no citation to the record. (*See Id.*). The Statement of Facts also asserts ". . . all parties have treated the minerals as reverting to the surface owner." (Appellants' Brief at p. 3). This is an unsupported opinion with no citation to the record. The Statement of Facts also states that the buyers paid Ms. Scott, not Ms. Hosek for the minerals, *citing* Supplemental Clerk Record at p. 50. (Appellants' Brief at p. 3). The citation to the record does not support the allegations. (*See Id.*). The Statement of Facts also states that Ms. Scott asked the Hoseks to ignore the agreement not to partition before the twenty-five years were up so that she could please her buyer. (Appellants' Brief at p. 3, *citing* the Supplemental Clerk's Record at pp. 73-76). The record cite, however, in no way supports the statement. *See Id.* Additionally, the Statement of Facts asserts, "only when oil was found. . . did Ms. Scott make her claim," again citing the Supplemental Record at pp. 73-76. (Appellants' Brief at p. 3). Yet again, the citation to the record does not support the allegation. Based on the authorities above, all of these alleged facts should be disregarded by the

[4]

Court.

Appellants also cite to their own pleadings in the Statement of Facts, by citing to the supplemental clerk's record at p. 45. (Appellants' Brief at pp. 1-2). As a general rule, pleadings are not summary judgment evidence and therefore any attempts by Appellants to use their own pleadings as summary judgment evidence should be disregarded. *See Laidlaw Waste Sys. v. City of Wilmer,* 904 S.W.2d 656, 660 (Tex. 1995).

Pursuant to Tex. R. App. P. 38.2(a)(1)(B), Appellee presents a corrected Statement of Facts.

## A.    The Relevant Tracts of Property.

For ease of reference below, Appellee will refer to the different tracts within the properties at issue as follows:

   a.   The initial 338.4 acre tract of land, described in the Warranty Deed, that was conveyed to Appellants and Appellee by their parents, Fridolin Alex and Pearl Schnautz Voigt will be referred to as the "Voigt Tract."

   b.   The approximately 170 surface acres that Appellants received when the parties partitioned the surface in the Partition Deed will be referred to as the "Hosek Tract."

   c.   The approximately 38 acres, described in the Hosek Deed, that were initially received by Ms. Scott when the parties partitioned land and later sold by Ms. Scott to Victor and Ivarene Hosek shortly after the Partition Deed was executed will be referred to as the "38-Acre Tract."

   d.   The approximately 60 acres, described in the Morales Deed, that were sold by Ms. Scott to Mr. and Mrs. Evaristo Morales,

will be referred to as the "Morales Tract."

    e.    The approximately 70 acres, described in the King Deed, that were sold by Ms. Scott to Mr. and Mrs. William W. King will be referred to as the "King Tract."

## B.    Conveyance of Voigt Tract to Appellants and Appellee.

Appellants, IVARENE HOSEK and husband VICTOR HOSEK, and Appellee, ROSALE SCOTT, each received an undivided one-half interest in the 338.4 Voigt Tract from Ms. Scott's and Ms. Hosek's parents by Warranty Deed dated October 4, 1978 and recorded at Vol. 491, Page 288 of the Real Property Records of Atascosa County, Texas (the "Warranty Deed"). (CR 69-71).

## C.    Partition of Surface and Agreement Not to Partition Minerals in Partition Deed.

Thereafter, Ms. Scott received approximately half of the undivided interest in the surface of the Voigt Tract by the Deed of Partition from Victor Hosek and Ivarene Hosek dated August 17, 1979 and filed of record in the Real Property Records of Atascosa County, Texas at Vol. 510, Page 126 (the "Partition Deed"). (CR 72-77) (Appellee App. Tab C). The Partition Deed expressly excluded the minerals from the partition with the language in bold below:

> **This partition does not include any of the oil, gas and other minerals in, on, or under the above-described tracts of land**, and same are to remain undivided for a period of twenty-five (25) years from the date hereof and as long thereafter as oil, gas, or other minerals are produced in paying quantities from the above described lands.

[6]

(CR 74-75) (Appellee App. Tab C).

As is apparent, in the second part of the sentence quoted above, the parties further agreed that they would not partition the land "for a period of twenty-five (25) years . . . and as long thereafter as oil, gas, and other minerals are produced in paying quantities. . ." (*Id.*)

Accordingly, the surface interest and mineral interests were severed from each other, but the minerals under the Voigt Tract continued to be owned with a 50 percent undivided interest to Appellee and a 50 percent undivided interest to Appellants. *(Id.)*

The minerals under the Voigt Tract have not been subsequently partitioned. (*See* CR 211) (Appellee App. Tab D).

## D. Scott Deeds the 38.5 Acre Tract to the Appellants.

Subsequent to the execution of the Partition Deed, Ms. Scott deeded to the Appellants a 38.5 acre tract which had originally been apportioned to her pursuant to the Partition Deed by Warranty Deed dated October 16, 1979 and filed of record in the Real Property Records of Atascosa County, Texas at Vol 514, Page 107 (the "Hosek Deed"). (CR 78-80). The Hosek Deed made specific reference to the exclusion of all of the mineral rights reserved under the Partition Deed, but did not reserve Ms. Scott's 50% of the minerals under the 38.5 acre tract. *Id.*

**E.      Scott Sells the Morales Tract.**

Subsequently, Ms. Scott sold and deeded to Evaristo Morales and his wife Irene F. Morales approximately 60 acres (the "Morales Tract") pursuant to a Cash Warranty Deed dated March 4, 1986 and filed of record in the Real Property Records of Atascosa County, Texas at Vol 745 Page 50 (the "Morales Deed"). (CR 81-83). The Morales Deed made specific reference to the reservation contained in the Partition Deed. (CR 81).

**F.      Scott's Sells the King Tract.**

Ms. Scott later sold to Mr. and Mrs. William W. King the remaining land, approximately 70 acres (the "King Tract") pursuant to a Warranty Deed with Vendor's Lien dated January 29, 1980 and filed of record in the Real Property Records of Atascosa County, Texas at Vol 819, Page 135 (the "King Deed"). (CR 84-86). The King Deed made specific reference to the reservation in the Partition Deed as well as a 20 year reservation of Rosale Scott's one-half (1/2) mineral interest. (CR 84-85).

**G.      Procedural History.**

Appellants filed their Original Petition for Declaratory Judgment on or about June 18, 2013 requesting that the trial court issue a judgment that Appellants own one hundred percent of the minerals under their property. (CR 1-4). Appellee filed an Answer, Counter-Claim and Plea in Abatement, which sought to require

Appellants to bring in the co-owners of the Morales Tract and King Tract into the case, because if Ms. Scott was correct, Appellants owned half the minerals under these tracts and would own claim to the minerals under the King and Morales Tracts. (CR 6-11). Appellee's Plea in Abatement was opposed by Appellants and denied. (CR 29). After the parties conducted some discovery, Appellee filed "Defendant's Motion for Partial Summary Judgment (CR 57-68) along with exhibits (CR 69-89) (Appellee App. Tab A). Appellants did not file a timely response to the summary judgment motion and accordingly sought leave to file an untimely response (CR 90-91), which was granted by the Honorable Fred Shannon. (CR 145). Judge Shannon subsequently granted Appellee's Motion for Partial Summary Judgment (CR 147-149), issued a Final Judgment (CR 210-213) (Appellee App. Tab D), granted Appellee Attorneys' Fees (CR 211-212; 216-217), issued Findings of Fact and Conclusions of Law (CR 405-412), and set a supersedeas bond (CR 413-414). Appellants then filed a Notice of Appeal, appealing the final judgment in this case (CR 415).

## H.    The Court Granted Appellee Attorneys' Fees.

As noted above, Appellee filed a Motion for Attorneys' Fees (CR 152-157) along with exhibits (CR 158-200). Appellee requested $74,000.00 in attorneys' fees for work performed in the trial court, plus costs. (CR 156). Appellee also requested (a) $3,500.00 if a motion for new trial is necessary; (b) $30,000.00 in the

[9]

event any part of the judgment is appealed to the appropriate court of appeals and Ms. Scott prevails; (c) $15,000.00 in the event any part of the judgment is appealed to the Texas Supreme Court by Writ or Error and Scott prevails; and (d) $25,000.00 should the petition for review be granted by the Texas Supreme Court and Scott prevails. (CR 156).

The Court awarded Appellee substantially less, being $39,500.00 in attorneys' fees incurred through entry of judgment and setting of a supersedeas bond, a conditional award of $2,500.00 in the event a new trial is sought, $12,500.00 in the event of an appeal, $3,500.00 if appealed to the Texas Supreme Court by Writ of Error and $12,500.00 should the Petition for Review be granted by the Supreme Court. (CR 211-212; CR 216-217) (Appellee App. Tab D).

### III. SUMMARY OF THE ARGUMENT

This case is about a Partition Deed that was clear and the trial court correctly granted summary judgment and interpreted the Partition Deed as a matter of law. The Appellants argue that one sentence in the Partition Deed was ambiguous, but failed to plead ambiguity. Moreover, the sentence was clear. The first clause in the sentence excluded the minerals from the partition. The second clause in the sentence contained an agreement not to partition the minerals for 25 years or so long as oil and gas were being produced. At the end of the twenty-five year period, the parties regained their ability to partition or not. Appellants attempt to

rely on parol evidence to create an ambiguity but parol evidence is not admissible and in any event does not create an ambiguity. Finally, Appellants waived many of the arguments they assert in their brief because they were not included in their response to the summary judgment motion.

The trial court did not abuse its discretion in awarding attorneys' fees. Attorneys' fees were authorized under the Declaratory Judgment Act. The court awarded approximately half of the fees requested by Appellee. Appellants' argument that it is not equitable to award attorneys' fees because both parties needed the deed interpreted and therefore both parties caused the necessity of the suit, is incorrect. Appellants caused the suit by filing it. Moreover, Appellants' reasoning is flawed because under their reasoning, attorneys' fees would never be appropriate in a declaratory judgment action involving the interpretation of a deed or contract since a dispute between the parties as to the meaning of the contract/deed will always require interpretation.

The trial court did not abuse its discretion with respect to costs related to the cost of the record on appeal. Appellants have not shown that Appellee improperly increased costs. Moreover, the Appellants' complaints about documents designated to be included in the record lack merit. The documents requested were reasonable and the trial court did not require Appellants to pay for the inclusion of the documents in the record.

## IV. STANDARD OF REVIEW

**A.    Standard of Review Applicable to Granting of Summary Judgment (Appellant's First and Second Issues).**

Declaratory judgments rendered by summary judgment are reviewed under the same standards that govern summary judgments generally. *Bowers v. Taylor,* 263 S.W.3d 260, 264 (Tex.App.—Houston [1st Dist.] 2007, no pet.). The standard of review for summary judgments is *de novo. Roehrs v. FSI Holdings, Inc.,* 246 S.W.3d 796, 805 (Tex.App.—Dallas 2008, pet. denied). An appellate court must consider all grounds presented in the summary judgment motion and affirm if any ground is meritorious. *Id.*

A summary judgment is properly granted when a movant establishes that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *KPMG Peat Marwick v. Harrison County Hous. Fin.,* 988 S.W.2d 746, 748 (Tex. 1999). Further, the trial court properly grants a traditional motion for summary judgment if the movant conclusively disproves an essential element of its opponent's claim. *Henson v. Southwest Airlines Co.,* 180 S.W.3d 841, 843 (Tex.App.—Dallas 2005, pet. denied). Like the trial court, the appellate court must consider the evidence in the light most favorable to the nonmovant. *Western Invs., Inc. v. Urena,* 162 S.W.3d 547, 550 (Tex. 2005).

**B.     Standard of Review Applicable to Awarding of Attorneys' Fees (Appellant's Third Issue).**

The standard of review for an award of attorneys' fees on a declaratory judgment is abuse of discretion.  *City of Temple v. Taylor,* 268 S.W.3d 852, 858 (Tex.App.—Austin 2008, pet. denied).  "A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law."  *Hot-Hed, Inc. v. Safehouse Habitats (Scotland), Ltd.,* 333 S.W.3d 719, 733 (Tex.App.—Houston [1st Dist.] 2010, pet. denied).

**C.     Standard of Review Applicable to Awarding of Costs (Appellants' Fourth Issue).**

The standard of review for an award of costs is an abuse of discretion.  *Christus Health & Christus Health Gulf Coast v. Dorriety,* 345 S.W.3d 104, 117 (Tex.App.--Houston [14th Dist.] 2011, pet. denied).

## V.  ARGUMENT

**A.     The Granting of Summary Judgment Was Not Error.**

Appellants take the position that one sentence in the Partition Deed is ambiguous, a claim they failed to plead.  Appellants' theory does not raise a genuine issue of material fact and is not a basis to reverse summary judgment.  Moreover, several arguments raised by Appellants have been waived.

### 1.     Appellants Failed to Plead Ambiguity.

Despite making ambiguity a prominent part of their argument on appeal,

Appellants fail to point out they did not plead ambiguity. *See Appellants' Original Petition for Declaratory Judgment.* (CR 1-4). This is significant because ambiguity is an affirmative defense that must be specifically plead. See *World Help v. Leisure Lifestyles, Inc.,* 977 S.W.2d 662, 680 (Tex.App.—Fort Worth 1998, pet. denied) (refusing to consider parol evidence because ambiguity was not plead); see also, *Crozier v. Horne Children Maint. and Educ. Trust,* 597 S.W.2d 418, 421 (Tex.App.—San Antonio 1980, writ ref'd, n.r.e.); Tex. R. Civ. P. 94.

This Court of Appeals has considered conflicting case law on whether ambiguity must be plead and has determined that, "the correct position is that latent deed ambiguity in a deed must be pleaded." *Terrill v. Tuckness,* 985 S.W.2d 97, 102 (Tex.App.—San Antonio 1998, no pet.). Because ambiguity was not plead, the court should affirm summary judgment. Even if the Court were to determine that ambiguity need not have been plead in this case, however, this Court should still affirm summary judgment.

## 2. Law Applicable to Deed Interpretation.

### a. If a Court Determines a Deed is Not Ambiguous, It Will Construe It As a Matter of Law.

The question of whether an instrument is ambiguous is a question of law. *Heritage Res., Inc. v. NationsBank,* 939 S.W.2d 118, 121 (Tex. 1996). Contract terms must be given their "plain, ordinary and generally accepted meaning unless the instrument shows that the parties used them in a technical or different sense."

[14]

*Id.* "If the written instrument is so worded that it can be given a certain or definite legal meaning or interpretation, then it is not ambiguous and the court will construe the contract as a matter of law." *SAS Inst., Inc. v. Breitenfeld*, 167 S.W.3d 840, 841 (Tex. 2005). In this case, the trial court did just that, concluding that the Deed was not ambiguous and interpreted the Deed, stating: "IT IS THEREFORE ORDERED . . . (1) the Partition Deed is unambiguous as a matter of law; (2) the Partition Deed partitioned the surface, but did not partition the minerals; (3) as to the minerals, the **Hoseks and Scott agreed not only that they were not partitioned, but also that they would not partition them until the expiration of the stated time limits, and whether the minerals would ever be partitioned by the owners remained an open question**. . . ." (CR 147-148; CR 210-211) (Appellee App. Tab D) (emphasis added).

### b. Conflicting Interpretations by the Parties Do Not Create Ambiguity.

An ambiguity does not arise simply because the parties advance conflicting interpretations of a contract. *Columbia Gas Trans. Corp. v. New Ulm Gas*, 940 S.W.2d 587, 589 (Tex. 1996). Only if, after application of the rules of construction, there are two or more reasonable interpretations, can a court find an instrument ambiguous. *Id.; See also Universal C.I.T. Credit Corp. v. Daniel*, 243 S.W.2d 154, 157 (Tex. 1951). However, if after applying the relevant rules of construction, a contract can be given a definite legal meaning, the contract is

[15]

unambiguous and the court can construe the contract as a matter of law. *Frost Nat'l Bank v. L&F Distribs., Ltd.*, 165 S.W.3d 310, 312 (Tex. 2005). Here, the fact that the Appellants are advancing a different interpretation of the Deed, does not create an ambiguity. The Deed can be given a definite legal meaning – it was an agreement <u>not</u> to partition the minerals, with the possible partition to be decided in the future. This is consistent with Appellee's testimony that the partition of the minerals would be renegotiated after twenty-five years. (Supp. CR 72-73).

### c. The Court is Required to Determine the Parties' Intent From the Language in the Deed Not From Parol Evidence.

When determining the intent of the parties to an instrument, the courts apply the rules of construction to the four corners of the instrument itself, regardless of what may have been the subjective intent of the parties to the instrument. *Luckel v. White,* 819 S.W.2d 459, 462 (Tex. 1991). In fact, the first rule of construction is to ascertain and give effect to the parties' intentions **as expressed in the instrument**. *Id*. "The intention is to be ascertained as expressed by the language used, and not the intention which may have existed in the [makers'] minds . . . , but is not expressed by their language." *Fisher v. Wynn*, 2011 Tex.App. Lexis 6031 *9 (Tex.App.--Tyler Aug. 3, 2011, no pet.) *citing Slavens v. James*, 229 S.W. 317, 318 (Tex. Comm'n App. 1921, judgm't adopted).

"Even if different parts of the deed appear contradictory or inconsistent, the court must strive to harmonize all of the parts, construing the instrument to give

[16]

effect to all of its provisions." *Luckel v. White,* 819 S.W.2d 459, 462 (Tex. 1991) (citations omitted). Furthermore, "[i]f the provisions can be harmonized and reconciled, the contract is not ambiguous, and parol evidence is not admissible to create an ambiguity or to give the contract a meaning different from which its language imports." *Crozier v. Horne Children Maint. and Educ. Trust,* 597 S.W.2d at 422.

In this case, the trial court determined that the Deed was not ambiguous and therefore interpreted the Deed from the language contained in the Deed. (CR 147-148; 210-211) (Appellee App. Tab D). Appellants, however, are relying on parol evidence in an attempt to create an ambiguity in the Deed. (Appellants' Brief at pp. 4, 7-12). They have attempted to introduce various pieces of parol evidence to argue that subsequent treatment of the minerals by the parties creates an ambiguity. Because the Deed is not ambiguous, this Court cannot consider parol evidence.

3. **The Trial Court Correctly Determined That the Deed was Unambiguous and Construed the Deed as a Matter of Law.**

a. **The First Clause in the Sentence Expressly Reserved the Oil, Gas and Other Minerals From the Partition.**

The sentence at issue in the Partition Deed contains two separate and independent clauses. The first clause clearly excludes the minerals from the partition: "**[t]his partition DOES NOT INCLUDE any of the oil, gas and other minerals in, on, or under the above-described tracts of land**, . . ." *(emphasis*

[17]

*ours). See Partition Deed,* (CR 74-75) (Appellee App. Tab C). There is no doubt that this language operates as an exclusion from the partition. *See Security Development Co. v. Hidalgo County Drainage Dist. No. 1,* 124 S.W.2d 178, 181 (Tex.Civ.App.—Amarillo 1938, no writ.) (technical language not necessary to create reservation or exception); *PYR Energy Corp. Samson Res. Co.,* 456 F.Supp.2d 786, 803 (E.D. Tex. 2006) (same). Appellants concede that this language severed the surface from the minerals but allege that the minerals are only expressly excluded from the partition for twenty-five years. (Appellants' Brief at p. 2, 9). Appellants' argument is incorrect. The plain language of the first part of the sentence completely excludes the minerals from the Partition.

> **b.    The Second Clause of the Sentence Evidences an Agreement Not to Partition the Minerals For a Specified Period of Time in the Future.**

Appellants claim that the Deed was ambiguous as to the issue of what happened to the minerals after the twenty-five year period expired. (Appellants' Brief at p. 2). The Trial Court correctly determined that the issue was not ambiguous—at the expiration of the twenty-five year period, the restriction on the parties' ability to partition was lifted and the parties were once again free to partition or not.

Parties may voluntarily agree to partition land. However, a voluntary partition of land must be based on the agreement of all parties with a possessory

interest thereto and cannot be the result of a unilateral decision. *Stradt v. First United Methodist Church*, 573 S.W.2d 186, 190 (Tex. 1978) (subjective intent of one party is not proof of an agreement between several parties to partition land); *see also State v. Kirkpatrick*, 299 S.W.2d 394, 397 (Tex.Civ.App.—Dallas 1957, writ ref'd n.r.e.). More importantly, parties can expressly agree to **waive** the right to partition. *Lichtenstein v. Lichtenstein Bldg. Corp., 442 S.W.2d 765, 769 (Tex.Civ.App.—Corpus Christi 1969, no writ)* (parties can make contracts expressly providing against partitioning). An express agreement not to partition will be honored by the courts. *MCEN 1996 Pshp v. Glassell*, 42 S.W.3d 262, 263-64 (Tex.App.—Corpus Christi 2001, pet. denied). Parties can also impliedly agree not to partition. *See Id.* at 264 (pooling agreement created implied agreement not to partition); *Long v. Hitzelberger*, 602 S.W.2d 321, 323 (Tex.App.—Eastland 1980, no writ.) (implied agreement not to partition); *Warner v. Winn*, 191 S.W.2d 747, 751 (Tex.Civ.App.—San Antonio 1945, writ ref'd n.r.e.) (courts will imply an agreement not to partition); *Dimock v. Kadane*, 100 S.W.3d 622, 625 (Tex.App.—Eastland 2003, pet. denied.) (affirming implied agreement not to partition mineral interests). Accordingly, it is well settled that parties can agree not to partition property, including minerals interests. One must look to the language of the dividing document, in this case the Partition Deed, to determine the Parties' intent.

As established above, the first clause of the sentence in the Partition Deed expressly excludes the oil and gas and other mineral interests from the partition, "[t]his partition DOES NOT INCLUDE any of the oil, gas and other minerals in, on, or under the above-described tracts of land, . . ." See (CR 74-75) (Appellee App. Tab C) (emphasis added). The second clause of the sentence evidences an agreement not to partition the minerals for a specified period of time in the future: **"and same are to remain undivided for a period of twenty-five (25) years from the date hereof and as long thereafter as oil, gas, or other minerals are produced in paying quantities from the above described lands."** (CR 74-75) (Appellee App. Tab C) (emphasis added). Under the above cited authorities, this language constitutes an express agreement not to partition for a specified and finite period of time in the future.

Accordingly, the issue of what happens to the minerals after the twenty-five year period expires is clear -- if, after twenty-five years, oil, gas, and other minerals are not being produced in paying quantities, then the restriction on the parties' ability to partition was lifted and the parties were once again free, if they so desired, to take affirmative action to partition the minerals, or not to. The Deed is completely devoid of any intent to clearly partition at the end of the time period.

###  c.  The Deed was Unambiguous and the Interpretation Makes Sense.

As rightly determined by the trial court, the Partition Deed is worded in a

manner that it can be given a definite legal meaning/interpretation.  Specifically,

the trial court concluded that:

> IT IS THEREFORE ORDERED that partial summary judgment is granted in favor of Defendant ROSALE SCOTT and that:  (1) the Partition Deed is unambiguous as a matter of law; (2) the Partition Deed partitioned the surface, but did not partition the minerals; (3) **as to the minerals, the Hoseks and Scott agreed not only that they were not partitioned, but also that they would not partition them until the expiration of the stated time limits, and whether the minerals would ever be partitioned by the owners remained an open question** and the Hoseks and Scott continued to own an undivided one-half of the minerals, each; and (4) that since there has been no subsequent partition of the minerals, Defendant ROSALE SCOTT therefore currently owns fifty percent (50%) of the minerals under the 169.27 acres of land, the surface of which was deeded to the Hoseks on pages 1-3 of the Partition Deed, whose legal description is attached as Exhibit "A" and incorporated by reference.

(CR 147-148; CR 210-211) (Appellee App. Tab D) (emphasis added).

Further, Judge Shannon's interpretation is reasonable, and makes sense.  *See*

*Luckel v. White,* 819 S.W.2d at 462; *Crozier v. Horne Children Maint. and Educ.*

*Trust,* 597 S.W.2d at 422.  When families partition land, it is very common to

partition the surface but not the minerals.  The primary reason for this is the

perceived unfairness that could occur if the sibling who receives half the family

farm ends up with a big oil or gas well, while the other sibling has a dry hole.

Many families lack the expertise to assess whether mineral values may vary under

different parts of a tract of land, so they simply decide to share the minerals under

the entire tract.  This common situation fits this fact situation perfectly.  Two

[21]

sisters, splitting the family farm in 1979, neither of whom have a demonstrated sophistication in minerals in the record, decided not to partition their minerals.

Appellants attempt to argue the result is unfair. The result is completely fair to Appellants. Appellants have retained all of their minerals, it is just that half of their minerals must be claimed under the King and Morales Tracts. (CR 81-83, 84-86). As noted above, both the King and Morales Deeds made specific reference to the reservation contained in the Partition Deed. (*See* CR 81, 84-85). Moreover, Appellants have retained 100% of the minerals under the 38 acre tract. (CR 78-80). This is a case of greed by Appellants, who are attempting to retain 75% (approximately) of the minerals under the Voigt Tract—100% under Appellants' tracts and 50% under the King and Morales Tracts.

### 4. Parol Evidence is Not Admissible Because the Deed is Not Ambiguous.

Appellants made a flailing attempt to create ambiguity, and argue unfairness, by introducing largely incompetent parol evidence. Appellee objected to all of the evidence offered by Appellants in support of their response to summary judgment on the grounds that the language in the Partition Deed is clear and, therefore, parol evidence is not admissible.[2] (See CR 117, 120). The Court did not reach the objections because Judge Shannon found the Partition Deed was not ambiguous.

---

[2] Appellee also moved to strike Appellants' response to summary judgment (including all of the evidence attached) because it was untimely but the trial court denied the motion and permitted Appellants to proceed with their untimely evidence. *See Court Order* (CR 145).

(CR 147, 210) (Appellee App. Tab D).  Where a document is not ambiguous, the court should construe the document as a matter of law.  *See SAS Inst., Inc. v. Breitenfeld*, 167 S.W.3d 840, 841 (Tex. 2005).  "[P]arol evidence is not admissible for the purpose of creating an ambiguity."  *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. CBI Indus., Inc.,* 907 S.W.2d 517, 520 (Tex. 1995).  '[O]nly where a contract is first determined to be ambiguous may the courts consider the parties' interpretation . . . and admit extraneous evidence to determine the true meaning of the instrument.  *Nat'l Union,* 907 S.W.2d at 520.  Since the Court correctly determined that the Partition Deed was not ambiguous, parol evidence was not admissible.

## 5. The Evidence Offered by Appellants is Incompetent and Does Not Create Ambiguity.

### a. Affidavit of Allen D. Cummings.

Appellants rely on the Affidavit[3] of Allen D. Cummings, an oil and gas attorney, to argue that the parties intended the minerals to revert to the surface owner.  (Appellants Brief at p. 11).  Appellee asserted several objections to the Affidavit and Report.  (CR 123-124).  The Trial Court obviously did not find the Affidavit and Report admissible because the Court held that the Deed was unambiguous and interpreted the Deed as a matter of law.  (CR 147-148; CR 210-

---

[3] Appellants refer to the "Affidavit" of Cummings citing the Supplemental Clerk's Record at p. 51.  (Appellants' Brief at p. 11).  The Affidavit does not contain Cummings' opinions regarding the Partition Deed.  They are contained in the Report attached thereto.  (Supp. CR 52-53).  Accordingly, Appellee will refer to the Affidavit and Report.

211) (Appellee App. Tab D).

Cummings' Affidavit and Report, which do not opine the Deed is ambiguous, and merely argue another interpretation, should not be considered because he offers opinions based on questions of pure law, and is attempting to usurp the trial court's role. (CR 124; Supp. CR 51-53). An expert may not testify on pure questions of law. *Mega Child Care, Inc. v. Texas Dep't of Protective & Regulatory Servs.,* 29 S.W.3d 303, 309 (Tex.App.—Houston [14th Dist.] 2000, no pet.). An expert is not allowed to testify directly to his understanding of the law. *Welder v. Welder,* 794 S.W.2d 420, 433 (Tex.App.—Corpus Christi 1990, no writ).

Additionally, Cummings was not timely designated as an expert. (CR 123). Cummings was also a biased, interested witness because he performs work for EOG, who owns the lease on the property. (CR 124). Cummings' Affidavit and Report are conclusory and does not meet the threshold established in Tex. R. Evid. 702. (CR 124; Supp. CR 51-53). Accordingly, Cummings' Affidavit and Report were properly not considered. Moreover, even if considered, the only thing that the parties regained after the twenty-five year period expired, was the ability to take action to partition.

b.   **Affidavit of Ivarene Hosek**.

Appellants also rely on the Affidavit of Ivarene Hosek to attempt to create ambiguity. (Appellants' Brief at pp. 3, 11-14). Appellee objected to the Affidavit

on numerous grounds. (CR 121-123). First, the Affidavit is parol evidence that is not admissible. Second, the portions of the Affidavit relied on by Appellants are simply incompetent evidence.

For example, Appellants allege that Appellee and the oil companies all believed the mineral reverted back to the surface owners. (Appellants' Brief at p. 11). The Affidavit provides: "[w]e agreed to let the minerals remain undivided for a period of twenty-five years and as long thereafter as oil and gas were being produced, after that time, the minerals would be vested in the surface owner." Bare conclusions are not evidence and are not probative of any facts. *Bavishi v. Sterling Air Conditioning, Inc.*, 2011 Tex.App. LEXIS 6271 *25 (Tex.App.-- Houston [1st Dist.] 2011, no pet.). Unsupported conclusory statements are not credible and are not susceptible to being readily controverted. *Ryland Grp. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996).

Additionally, Appellants claim that Appellee told buyers they would own 50% of the minerals owned by the Hoseks after twenty-five years. (Appellants' Brief at p. 3, 12). Specifically the Affidavit states: "[m]y sister knew of our agreement regarding the minerals and told this to her buyers, who purchased her property after my sister told them they would own the minerals after the expiration

of the twenty-five year period, being August 17, 2004."[4]  This sentence is conclusory, hearsay, fails to lay a proper foundation, and fails to state that it is based on personal knowledge and is clearly not based on personal knowledge.

### c.    The Letter Offered by Appellants is Incompetent.

Appellants also attempt to rely on a letter addressed to Wesley King. (Appellants' Brief at p. 12).  Because the Deed is not ambiguous, the letter cannot be considered.  Further, Appellants have provided no competent evidence to authenticate the letter.  (CR 125).  Since the Partition Deed is not ambiguous, the court should not consider the letter.

### d.    The Deposition Excerpts of Appellee Are Incompetent.

Appellants also attempt to rely on excerpts from the deposition of Appellee. (Appellants' Brief at p. 12).  Because the Deed is not ambiguous, the deposition excerpts cannot be considered.

### 6.    Appellants Have Waived All Arguments That Were Not Asserted In Response To Appellee's Summary Judgment Motion.

This Court should review Appellants' Response to Appellee's Motion for Partial Summary Judgment (the "Response") to see how incomplete and bare bones the Response is.  *See* (CR 92-96; Supp. CR 37-41) (Appellee App. Tab B). As explained in more detail below, the Response does not contain many of the

---

[4] Here again Appellants attempt to imply that Appellee sold Appellants' portion of the minerals under the Morales and King Tracts, but as already established, that did not happen, the King and Morales Deeds expressly refer to the Partition Deed.  (CR 81 and 84-85).

arguments Appellants have asserted in their brief. (*See* Appellants' Brief at pp. 7-12). Accordingly, those arguments are waived and Appellants are precluded from raising those arguments at this time.

In the context of a summary judgment, a non-movant is required to expressly present to the trial court, by written answer or response, any issues defeating the movant's entitlement to summary judgment. *Tello v. Bank One, N.A.*, 218 S.W.3d 109, 118 (Tex.App--Houston [14th Dist.] 2007, no pet.) (citing *Tex. R. Civ, P. 166a(c)*); *Dubose v. Worker's Medical P.A.*, 117 S.W.3d 916, 920 (Tex.App.--Houston [14th Dist.] 2003, no pet.). To "expressly" present issues as required by *Rule 166 a(c)*, written answer or response to the motion for summary judgment must fairly apprise the movant and the trial court of the issues the non-movant contends should defeat the motion for summary judgment. *Id. At 119.* In determining what issues were expressly presented to the trial court, a reviewing court may not rely on the appellate briefs or the summary judgment evidence. *Dubose v. Worker's Medical P.A.*, 117 S.W.3d 916, 920 (Tex.App.--Houston [14th Dist.] 2003, no pet.). **Any issues not expressly presented to the trial court in a written response shall not be considered as grounds for reversal**. *Id.* Thus, the failure to present issues to defeat summary judgment in the trial court waives those issues on appeal.

Appellants' argue several principles of deed interpretation arguing for ambiguity that were not in the response to summary judgment. (Appellant's Brief at p.7). The arguments waived include:

**Argument That Grantee Conveys the Greatest Estate:** Appellants argue that Texas courts apply the "four corners" rule and look not at isolated terms but consider the whole instrument to convey the grantee the greatest estate that the terms of the deed will permit. (Appellants' Brief at p. 8). This "greatest estate" argument was not asserted in Plaintiff's response to Defendant's Motion for Partial Summary Judgment. (CR 92-96) (Supp. CR 37-41) (Appellee App. Tab B).

All of the related arguments and explanations in support of Appellants' greatest estate argument have also been waived. For example, Appellants argue that both phrases in the sentence should be read together, and that the first phrase should not be allowed to contradict the "patent purpose" of the document, "to partition the estate." (Appellants' brief at p. 8). Appellants claim that reading the phrases together gives the logical interpretation that the minerals are not partitioned for twenty-five years to allow for the sharing of current production but are partitioned after twenty-five years to accomplish full partitioning. (*Id.* at pp. 8-9). None of these arguments were asserted in response to summary judgment. (CR 92-96) (Supp. CR 37-41) (Appellee App. Tab B).

**Argument That It Is Oppressive To Omit the Minerals From Partition:**

Appellants argue that it is oppressive to omit the minerals from eventual partition and inequitable to deprive one party of presently occurring or soon-to-occur production. (Appellants' Brief at p. 9). This argument was not asserted in Plaintiff's Response to Defendant's Motion for Partial Summary Judgment. (CR 92-96) (Supp. CR 37-41) (Appellee App. Tab B). It also ignores the common practice of families to partition surface and not minerals.

**Argument That When Lands Are Partitioned Among Co-Owners, the Whole is Partitioned Unless Expressly Excepted:** Appellants also argue that when the lands are partitioned among co-owners, the whole of the land is partitioned unless some portion is expressly excepted from the partition. (Appellants' Brief at p. 9). This argument was not asserted in Plaintiff's Response to Defendant's Motion for Partial Summary Judgment. (CR 92-96) (Supp. CR 37-41) (Appellee App. Tab B).

**Argument That There Is a Presumption That the Grantor Intends To Convey All Appurtenant Rights:** Appellants argue that there is a presumption that a grantor (which they allege here is Appellee) intends to convey all appurtenant rights incidental to the beneficial enjoyment of the property. (Appellants' Brief at p. 9). Appellants further claim that appurtenant rights here would mean that the minerals revert to the surface owner after twenty-five years or

[29]

production are up. (Appellants' Brief at p. 10). This "appurtenant rights" argument was not asserted in Plaintiff's Response to Defendant's Motion for Partial Summary Judgment. (CR 92-96) (Supp. CR 37-41) (Appellee App. Tab B).

**Argument That Reverter After Twenty-Five Years Would Uphold the Purpose of the Deed:** Appellants also argue that where the instrument is capable of two constructions and where one would give effect to the whole instrument while the other would defeat it, courts give preference to the construction that would uphold the purpose. (Appellants' Brief at p. 10). This argument was not asserted in Plaintiff's Response to Defendant's Motion for Partial Summary Judgment. (CR 92-96) (Supp. CR 37-41) (Appellee App. Tab B).

## B. The Trial Court Did Not Abuse Its Discretion When It Awarded Attorneys' Fees.

Since attorneys' fees are recoverable in a Declaratory Judgment Action, the Court awarded Appellee attorneys' fees. (CR 211-212; CR 216-217) (Appellee App. Tab D); Tex. Civ. Prac. & Rem. Code §37.009. The standard of review for an award of attorneys' fees is an abuse of discretion. *City of Temple v. Taylor,* 268 S.W.3d 852, 858 (Tex.App.—Austin 2008, pet. denied). Under the Declaratory Judgment Act, a court may award reasonable and necessary attorneys' fees as are equitable and just. *GuideOne Elite Ins. v. Fielder Rd. Baptist Ch.,* 197 S.W.3d 305, 311 (Tex. 2006); *Bocquet v. Herring,* 972 S.W.2d 19, 20-21 (Tex. 1998).

In this case, Appellee requested $74,000.00 at the trial court level plus additional attorneys' fees in the event of an appeal. (CR 156). The trial court only granted $39,500.00. (CR 211-212; CR 216) (Appellee App. Tab D). Appellants argue that if this Court reverses the summary judgment, it should reverse the award of attorneys' fees as well. Reversal of a trial court's decision on a declaratory judgment does not require reversal of an award of attorneys' fees to the party who prevailed in the trial court. *City of Temple v. Taylor*, 268 S.W.3d at 858. Here, the Appellants have not shown that the trial court abused its discretion in awarding attorneys' fees. Therefore, reversal would not be required. *See Id.* The court could, however, remand the issue of attorneys' fees for reconsideration in light of the Court's opinion. *See Double Diamond, Inc. v. Saturn,* 339 S.W.3d 337, 347 (Tex.App.—Dallas 2011, pet. denied). Appellants also argue that even if summary judgment is not reversed, the attorneys' fee award is not just and equitable, because "'just and equitable' should be tied to the party who caused the necessity of the suit." (Appellants' Brief at p. 14). Appellants further claim that both parties "caused" the suit because both parties needed the Deed interpreted. (Appellants' Brief at p. 15).

Appellants' theories lack merit and are not supported by authority. First, Appellants must have forgotten they caused the suit by filing it. Further, taking Appellants' arguments to their logical conclusion, attorneys' fees would never be

awarded in declaratory judgment actions where the interpretation of a deed or contract is at issue and the parties need the deed/contract interpreted to resolve the dispute. Appellants have not shown that the trial court abused its discretion in awarding attorneys' fees. In this regard, Appellants have not shown that the trial court's award of attorneys' fees was so arbitrary and unreasonable as to constitute a clear and prejudicial error of law. *See Hot-Hed, Inc. v. Safehouse Habitats (Scotland), Ltd.*, 333 S.W.3d 719, 733 (Tex.App.—Houston [1st Dist.] 2010, pet. denied). Accordingly, the award of attorneys' fees should be affirmed.

## C.    The Trial Court Did Not Abuse Its Discretion on the Issue of Costs.

As noted above, the standard of review for an award of costs is an abuse of discretion. *Christus Health & Christus Health Gulf Coast v. Dorriety,* 345 S.W.3d 104, 117 (Tex.App.—Houston [14th Dist.] 2011, pet. denied). Appellants', with no record cites, argue this counsel raised the cost of the case by attempting to require the mineral owners of the King Tract and Morales Tract be brought in. (Appellants' Brief at p. 15). Appellants' conclusory allegations are unsupported with citation to the clerk's record and should be disregarded. Moreover, Appellants' counsel should at least try to explain why adding a necessary party was an unjustified effort. Also without citation to the record, Appellants' conclusory statement that this counsel's bills contained duplication and triplication of effort. (Appellants' Brief at p. 16). Appellants' conclusory allegations are unsupported

with citation to the clerk's record and should be disregarded. Appellants did not even attempt to explain the alleged duplication and triplication of effort. *(Id.)* Moreover, the trial court made extensive Findings of Fact and Conclusions of Law (CR 405-412), including that the attorneys' fees had been segregated and the work performed and attorneys' fees sought were reasonable and necessary. (CR 407-410). As noted above, the trial court only awarded half of the attorneys' fees requested by Appellee. (CR 211-212) (Appellee App. Tab D).

Appellants go on to complain about sixteen documents that Appellee requested be added to the record on appeal, apparently arguing Appellee should have known what Appellants' brief would contain in advance. (Appellants' Brief at p. 16). First, Appellee should be permitted to add documents she believes may be necessary to the clerk's records. In fact, the Rules of Appellate Procedure specifically permit Appellee to add documents. Tex. R. App. P. 34.5(b)(1). Second, even a cursory glance at the documents requested by Appellees demonstrates that the request was not "outrageous" as claimed by Appellants. For example, Appellee requested that her Original and Amended Answers be included in the clerk's record. (CR 417). Appellee also requested that her objections to the summary judgment evidence and the order granting summary judgment be included. (CR 417). Appellee also requested that her Motion for Award of Attorney's Fees and Order Granting Attorney's Fees be included in the Clerk's

Record. (CR 418). Appellants may be complaining about Appellee's designation of documents relating to the supersedeas bond. This was, however, relevant because the parties filed briefs in the court relating to the amount of the supersedeas bond. *See Appellee's Motion to Increase Supersedeas Bond,* Fourth Court of Appeals File. Even if Appellants disagree with the inclusion of some of the documents requested by Appellee, certainly Appellee should be granted some latitude in designating documents to be included in the clerk's record. These requests are simply not outrageous and certainly, Appellants have not shown that the trial court abused its discretion with respect to costs. Moreover, the trial court did not even order Appellants to pay the costs. Rather, **Appellee** was ordered to pay the costs, "without prejudice to seeking recovery as costs on appeal." (CR 427). Accordingly, Appellants have not shown that the trial court's award of costs was so arbitrary and unreasonable as to constitute a clear and prejudicial error of law. *See Hot-Hed, Inc. v. Safehouse Habitats (Scotland), Ltd.*, 333 S.W.3d 719, 733 (Tex.App.—Houston [1st Dist.] 2010, pet. denied). (CR 427). Moreover, this issue has not been preserved for review. The Notice of Appeal filed by Appellants indicates that they are appealing the Final Judgment. (CR 415—Notice of Appeal; CR 210-215—Final Judgment) (Appellee App. Tab D). The trial court's order on costs should not be reversed.

## VI. CONCLUSION

For the foregoing reasons, this Court should affirm summary judgment as well as the award of attorneys' fees and costs granted by the trial court and award Appellee costs on appeal.

## VII. PRAYER

Therefore, it is requested that:

      a)     The trial court be in all things affirmed;

      b)     Costs of the appeal be assessed against Appellant; including the additional $12,500.00 in attorneys' fees because Plaintiffs filed an appeal to the court of appeals as provided for in the Judgment;

      c)     Attorneys' fees of $2,500.00 because Appellants filed a motion for new trial as provided in the Judgment; and the

      c)     Appellee have such other relief to which she may be entitled.

**BARTON, EAST & CALDWELL, P.L.L.C.**
One Riverwalk Place, Suite 1825
700 N. St. Mary's Street
Sam Antonio, Texas 78205
Telephone: (210) 225-1655
Facsimile: (210) 225-8999

By: /s/ G. WADE CALDWELL
     **G. WADE CALDWELL**
     State Bar No. 03621020
     Email: gcaldwell@beclaw.com
     **RAQUEL G. PEREZ**
     State Bar No. 00784746
     Email: rperez@beclaw.com
**ATTORNEYS FOR APPELLEE**

## CERTIFICATE OF COMPLIANCE

I certify that this document was produced on a computer using Microsoft Word 2013 and contains 8,149 words, as determined by the computer software's word-count function, excluding the sections of the document listed in Texas Rule of Appellate Procedure 9.4(i)(1).

     /s/ G. WADE CALDWELL
     G. WADE CALDWELL

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document will be served in the manner indicated below this 28th day of April, 2015 upon the following:

| Michele Barber Chimene | \_\_\_ First Class Mail |
|---|---|
| The Chimene Law Firm | \_\_\_ Facsimile |
| 2827 Linkwood Dr. | \_\_\_ Hand Delivery |
| Houston, Texas 77025-3809 | _X_ Electronic Transmission |
| Email: michelec@airmail.net | |

| Robert J. Ogle | \_\_\_ First Class Mail |
|---|---|
| Attorney at Law | \_\_\_ Facsimile |
| 508 E. San Antonio Street | \_\_\_ Hand Delivery |
| Boerne, Texas 78006 | _X_ Electronic Transmission |
| Facsimile: (830) 249-8508 | |
| Email: bob@ogleattorney.com | |

*Counsel for Appellants*

    /s/ G. WADE CALDWELL
G. WADE CALDWELL
RAQUEL G. PEREZ

M:\2000\2200 OIL AND GAS CLIENTS\121 Hosek v Scott\4TH COA APPEAL\Appellee's Brief\Appellee's Brief 04-28-15-Final.docx

# APPENDIX

Tab A        Defendant's Motion for Partial Summary Judgment

Tab B        Plaintiffs' Response to Defendant's Motion for Partial Summary Judgment (without exhibits)

Tab C        Deed of Partition

Tab D        Final Judgment

Tab E        Tex. R. App. P. 34.5, 38, 39.1

Tab F        Tex. R. Civ. P. 94, 166a(c)

Tab G        Tex. R. Civ. Prac. & Rem. Code 37.009

Tab H        Tex. R. Evid. 702

# Tab A

| | | |
|---|---|---|
| IVARENE HOSEK AND VICTOR HOSEK, | § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | |
| v. | § § | 81ST JUDICIAL DISTRICT |
| ROSALE SCOTT, | § § | |
| Defendant. | § § | ATASCOSA COUNTY, TEXAS |

## DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant ROSALE SCOTT ("Scott") files this, her Motion for Partial Summary Judgment against Plaintiffs IVARENE HOSEK AND VICTOR HOSEK, ("Plaintiffs") and would respectfully show the Court as follows:

### I.
### INTRODUCTION

1.     This is a straight forward case involving the interpretation of a Partition Deed. The primary dispute involves the ownership of mineral interests under land that had previously been conveyed to the Parties to this suit.  After receiving the land, the Parties executed a Partition Deed which partitioned the surface between Plaintiffs and Ms. Scott, but did not partition the minerals.  The minerals were expressly excepted (*i.e.* excluded) from the partition by the language in bold below.

> **This partition does not include any of the oil, gas and other minerals in, on, or under the above-described tracts of land,** and same are to remain undivided for a period of twenty-five (25) years from the date hereof and as long thereafter as oil, gas, or other minerals are produced in paying quantities from the above described lands.

FILED ___10 : 39___ O'CLOCK _A_ M
MARGARET E. LITTLETON, DISTRICT CLERK

DEC 1 6 2013

CLERK DISTRICT COURT, ATASCOSA CO. TX
BY_____ DEPUTY

Page | 1

2.      In addition to excepting the minerals from the agreement to partition the surface, the parties further agreed that they would not partition the minerals for a specified period of time—twenty-five years and so long thereafter as oil, gas and other minerals are performed in paying quantities.  After this time period, if no oil, gas or other minerals were being produced, then the restriction on the parties' ability to partition was lifted and the parties could then decide to take affirmative action to partition the minerals.  Thus, the surface interest and mineral interests were severed from each other, but the minerals under the tract at issue in this litigation, what is known as the Voigt Tract, continued to be owned with a 50 percent undivided interest to Ms. Scott and a 50 percent undivided interest to Plaintiffs.  The minerals have not been subsequently partitioned.

3.      This Motion asks the Court to grant partial summary judgment on three issues:

   a.  the Partition Deed is not ambiguous, and can be interpreted by the Court without the need for testimony as to the meaning of the paragraph quoted above;

   b.  the Partition Deed did not partition the minerals at the time it was signed; and,

   c.  the language in the Partition Deed was not effective to partition minerals at a date certain in the future.

**II.**
**SUMMARY JUDGMENT PROOF**

4.      Defendant relies on the following summary judgment proof, true and correct copies of which are attached and incorporated here by reference:

Exhibit A.  Warranty Deed dated October 4, 1978 and recorded at Vol. 491, Page 288 of the Real Property Records of Atascosa County, Texas (the "Warranty Deed").

Exhibit B.  Deed of Partition between Victor Hosek and Ivarene Hosek and Rosale Scott dated August 17, 1979 and filed of record in the Real Property Records of Atascosa County, Texas at Vol. 510, Page 126 (the "Partition Deed").

Exhibit C. Warranty Deed from Rosale Scott to Ivarene and Victor Hosek dated October 16, 1979 and filed of record in the Real Property Records of Atascosa County, Texas at Vol. 514, Page 107 (the "Hosek Deed").

Exhibit D. Cash Warranty Deed dated March 4, 1986 and filed of record in the Real Property Records of Atascosa County, Texas at Vol. 745 Page 50 (the "Morales Deed")

Exhibit E. Warranty Deed with Vendor's Lien dated January 29, 1980 and filed of record in the Real Property Records of Atascosa County, Texas at Vol. 819, Page 135 (the "King Deed")

Exhibit F. Request for Admission Response No. 25 from Plaintiff's (sic) Response to Requests for Admissions of Defendant Rosale Scott.

All of the exhibits are either; certified, produced by Plaintiffs, or judicially admitted.

5. Pursuant to Tex. R. Civ. Proc. 166a (d), Defendant gives notice of her intent to use the above-referenced discovery in support of this Motion. Defendant is filing the documents concurrently with her Motion for Summary Judgment. Defendant also relies upon the other proper summary judgment proof allowed by Rule 166 a(c), TRCP, referenced below.

## III.
## STATEMENT OF FACTS[1]

**The Relevant Tracts of Property**

6. This case involves the mineral interests under various Tracts of property.

7. Defendant will refer to the different tracts within the properties at issue as follows:

    a. The initial 338.4 acre tract of land, described in the Warranty Deed, that was conveyed to Plaintiffs and Defendant by their parents, Fridolin Alex and Pearl Schnautz Voigt will be referred to as the "Voigt Tract."

---

[1] As set forth, these facts are for purposes of this Motion only.

b. The approximately 170 surface acres that Plaintiffs received when the parties partitioned the surface in the Partition Deed will be referred to as the "Hosek Tract."

c. The approximately 38 acres, described in the Hosek Deed, that were initially received by Ms. Scott when the parties partitioned land and later sold by Ms. Scott to Victor and Ivarene Hosek shortly after the Partition Deed was executed will be referred to as the "38-Acre Tract."

d. The approximately 60 acres, described in the Morales Deed, that were sold by Ms. Scott to Mr. and Mrs. Evaristo Morales, will be referred to as the "Morales Tract."

e. The approximately 70 acres, described in the King Deed, that were sold by Ms. Scott to Mr. and Mrs. William W. King will be referred to as the "King Tract."

### Conveyance of Voigt Tract to Plaintiffs and Defendant in Warranty Deed

8. Plaintiffs, IVARENE HOSEK and husband VICTOR HOSEK, and Defendant, ROSALE SCOTT, each received an undivided one-half interest in the 338.4 Voigt Tract by Warranty Deed dated October 4, 1978 and recorded at Vol. 491, Page 288 of the Real Property Records of Atascosa County, Texas (the "Warranty Deed"), a true and correct copy of which is attached hereto as "**Exhibit A.**"

### Partition of Surface And Agreement Not to Partition Minerals In Partition Deed

9. Thereafter, Ms. Scott received approximately half of the undivided interest in the surface of the Voigt Tract by the Deed of Partition from Victor Hosek and Ivarene Hosek dated August 17, 1979 and filed of record in the Real Property Records of Atascosa County, Texas at Vol. 510, Page 126 (the "Partition Deed"). A true and correct copy of the Partition Deed is attached hereto as "**Exhibit B**". The Partition Deed expressly excepted (*i.e.* excluded) the minerals from the partition with the language in bold below:

**This partition does not include any of the oil, gas and other minerals in, on, or under the above-described tracts of land,** and same are to remain undivided for a period of twenty-five (25) years from the date hereof and as long thereafter as oil, gas, or other minerals are produced in paying quantities from the above described lands.

10.     The parties further agreed that they would not partition the land "for a period of twenty-five (25) years . . . and as long thereafter as oil, gas, and other minerals are produced in paying quantities. . ." *See Partition Deed, Exhibit "B"*.

11.     Accordingly, the surface interest and mineral interests were severed from each other, but the minerals under the Voigt Tract continued to be owned with a 50 percent undivided interest to Ms. Scott and a 50 percent undivided interest to Plaintiffs.

12.     The minerals under the Voigt Tract have not been subsequently partitioned, nor have Plaintiffs sold any of their one-half undivided minerals under the Voigt Tract, although Defendant Ms. Scott has sold portions of her one-half undivided rights as further detailed herein. *See Hosek Deposition Excerpts, Exhibit "F"*.

**Scott Deeds a 38.5 Acre Tract to the Plaintiffs (the Hosek Deed)**

13.     Subsequent to the execution of the Partition Deed, Ms. Scott deeded to the Plaintiffs a 38.5 acre tract which had originally been apportioned to her pursuant to the Partition Deed. This conveyance was accomplished by Warranty Deed dated October 16, 1979 and filed of record in the Real Property Records of Atascosa County, Texas at Vol 514, Page 107 (the "Hosek Deed"). A true and correct copy of the Hosek Deed is attached hereto as **"Exhibit C"**. The Hosek Deed made specific reference to the exclusion of all of the mineral rights reserved under the Partition Deed.

## Scott Sells Approximately 60 Acres of Her Property to Mr. and Mrs. Morales

14.    Subsequently, Ms. Scott sold and deeded to Evaristo Morales and his wife Irene F. Morales approximately 60 acres (the "Morales Tract") pursuant to a Cash Warranty Deed dated March 4, 1986 and filed of record in the Real Property Records of Atascosa County, Texas at Vol 745 Page 50 (the "Morales Deed"). A true and correct copy of the Morales Deed is attached hereto as "**Exhibit D**". The Morales Deed made specific reference to the reservation contained in the Partition Deed.

## Scott's Sells Remaining 70 Acres of Her Property to Mr. and Mrs. King

15.    Ms. Scott later sold and deeded to Mr. and Mrs. William W. King the remaining land, approximately 70 acres (the "King Tract") pursuant to a Warranty Deed with Vendor's Lien dated January 29, 1980 and filed of record in the Real Property Records of Atascosa County, Texas at Vol 819, Page 135 (the "King Deed"). A true and correct copy of the King Deed is attached hereto as "**Exhibit E**". The King Deed made specific reference to the reservation in the Partition Deed as well as a 20 year reservation of Rosale Scott's one-half (1/2) mineral interest.

## V.
## STANDARD OF REVIEW

16.    Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). In determining a motion for summary judgment, the court may not weigh the evidence. *Huckabee v. Time Warner Entm't Co.,* 19 S.W.3d 413, 422 (Tex. 2000). The court's only duty is to determine whether a material question of fact exists. *Id.*

17. If a defendant conclusively negates an essential element of a plaintiff's cause of action as a matter of law, summary judgment is proper. *Hartsfield v. McRee Ford, Inc.*, 893 S.W.2d 148, 150 (Tex. App. – Houston [1st Dist.] 1995, writ denied); *Goldberg v. United States Shoe Corp.*, 775 S.W.2d 751, 752 (Tex. App.—Houston [1st Dist.] 1989, writ denied). Once the defendant has negated an essential element of plaintiff's claim, the plaintiff has the burden to produce evidence that raises an issue of fact on that element.

18. Summary judgment also provides a method for summarily ending a case that involves only a question of law and no fact issue. Tex.R.Civ.P. 166a(c); *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985); *Cigna Ins. Co. v. Rubalcada*, 960 S.W.2d 408, 411 (Tex.App.—Houston [1st Dist.] 1998, no pet.). When an instrument is unambiguous and the dispositive facts are not in dispute, a court may grant summary judgment and render a declaratory judgment regarding the parties' rights under the instrument. *See Berrand, Inc. v. Whataburger, Inc.*, 214 S.W.3d 122, 131-32 (Tex.App.—Corpus Christi 2006, pet. denied); *TC Dallas #1, LP v. Republic Underwriters Ins. Co.*, 316 S.W.3d 832, 837 (Tex. App.—Dallas 2010, no pet.).

## VI.
## ARGUMENT AND AUTHORITIES

19. In the instant case, Plaintiffs' filed a Petition for Declaratory Judgment, pursuant to the Texas Uniform Declaratory Judgments Act asking the court to enter a judgment that Plaintiffs own one hundred percent of the minerals, including oil and gas, lying under "their property" (undoubtedly referring to the Hosek Tract and the 38-Acre Tract) and that Ms. Scott owns no minerals lying under said tracts. As demonstrated below, the Partition Deed relied on by Plaintiffs to claim that they own one hundred percent of the minerals under their tracts of land

unambiguously demonstrate that the minerals were expressly excepted from the partition and the parties expressly agreed not to partition the minerals for a specified period of time. Accordingly, Plaintiff's claims are without merit and summary judgment should be granted in favor of Defendant:

## A. <u>The Partition Deed Is Unambiguous as a Matter of Law.</u>

20. The question of whether an instrument is ambiguous is a question of law. *Heritage Res., Inc. v. NationsBank*, 939 S.W.2d 118, 121 (Tex. 1996). "If the written instrument is so worded that it can be given a certain or definite legal meaning or interpretation, then it is not ambiguous and the court will construe the contract as a matter of law." *SAS Inst., Inc. v. Breitenfeld*, 167 S.W.3d 840, 841 (Tex. 2005). An ambiguity does not arise simply because the parties advance conflicting interpretations of the contract. *Columbia Gas Trans. Corp. v. New Ulm Gas*, 940 S.W.2d 587, 589 (Tex. 1996). Only if, after application of the rules of construction, there are two or more reasonable interpretations, can a court find an instrument ambiguous. *Id.; See also Universal C.I.T. Credit Corp. v. Daniel*, 243 S.W.2d 154 (Tex.1951). However, if after applying the relevant rules of construction, a contract can be given a definite legal meaning, the contract is unambiguous and the court can construe the contract as a matter of law. *Frost Nat'l Bank v. L & F Distributors, Ltd.*, 165 S.W.3d 310, 312 (Tex. 2005).

21. When determining the intent of the parties to an instrument, the courts apply the rules of construction to the four corners of the instrument itself, regardless of what may have been the subjective intent of the parties to said instrument. *Luckel v. White,* 819 S.W.2d 459 (Tex.1991). In fact, the first rule of construction is to ascertain and give effect to the parties' intentions as expressed in the document. *Id.* at 311-12. "The intention is to be ascertained as expressed by the language used, and not the intention which may have exited in the [makers']

minds . . . , but is not expressed by their language." *Fisher v. Wynn*, 2011 Tex.App. Lexis 6031 (Tex.App. Tyler Aug. 3, 2011, no pet.) *citing Slavens v. James*, 229 S.W. 317, 318 (Tex. Comm'n App. 1921, judgm't adopted). Even if different parts of the deed appear contradictory or inconsistent, the court must strive to harmonize all of the parts, construing the instrument to give effect to all of its provisions." *Luckel v. White*, 819 S.W.2d 459, 462 (Tex. 1991) (citations omitted).

22.     In the instant case, the Partition Deed is worded in a manner that it can be given a definite legal meaning/interpretation and the Court should rule that the Partition Deed is not ambiguous as a matter of law.

**B.     The Oil, Gas and Other Mineral Rights are not currently partitioned in the Partition Deed.**

       **a.     The Oil, Gas and Other Minerals Were Expressly Excepted from the Partition.**

23.     To the extent Plaintiffs attempt to argue that because the surface was partitioned, the minerals were also partitioned, this is contrary to the express terms of the Partition Deed. Specifically, Plaintiffs may argue that when lands are partitioned among co-owners, the whole of the land is partitioned, unless some portion of the land is expressly excepted from the partition. See *Pewitt v. Renwar Oil Corp.*, 261 S.W.2d 904, 906 (Tex.Civ.App.—Houston, 1962, writ refused n.r.e.). In the instant case, the minerals were clearly excepted from the partition. As noted above, the Partition Deed expressly provides: "[t]his partition **DOES NOT INCLUDE any of the oil, gas and other minerals in, on, or under the above-described tracts of land,** . . ." *(emphasis ours) See Partition Deed, Ex. B*. There is no doubt that this language operates as an exception from the partition. See *Security Development co. v. Hidalgo County Drainage Dist. No. 1*, 124 S.W.2d 178, 181 (Tex.Civ.App.—Amarillo 1938, no writ.) (technical language not

necessary to create reservation or exception); *PYR Energy Corp. Samson Res. Co.,* 456 F.Supp.2d 786 (E.D. Tex. 2006) (same).

**b.      The Partition Deed Contains An Agreement Not to Partition the Minerals And Restricts the Ability to Partition For A Specified Period of Time.**

24.      Parties may voluntarily agree to partition land. However, a voluntary partition of land must be based on the agreement of all parties with a possessory interest thereto and cannot be the result of a unilateral decision. *Stradt v. First United Methodist Church,* 573 S.W.2d 186, 190 (Tex. 1978) (subjective intent of one party is not proof of an agreement between several parties to partition land); *see also State v. Kirkpatrick,* 299 S.W.2d 394, 397 (Tex.Civ.App.— Dallas 1957, writ ref'd n.r.e.). Parties can expressly agree to waive the right to partition. *Lichtenstein v. Lichtenstein Bldg. Corp.,* 442 S.W.2d 765, 769 (Tex.Civ.App.—Corpus Christi 1969, no writ). An express agreement not to partition will be honored by the courts. *MCEN 1996 Pshp v. Glassell,* 42 S.W.3d 262, 263-64 (Tex.App.—Corpus Christi 2001, pet. denied). Parties can also impliedly agree not to partition. *See Id.* at 264 (pooling agreement created implied agreement not to partition); *Long v. Hitzelberger,* 602 S.W.2d 321, 323 (Tex.App.— Eastland 1980, no writ.) (implied agreement not to partition); *Warner v. Winn,* 191 S.W.2d 747, 751 (Tex.Civ.App.—San Antonio 1945, writ ref'd n.r.e.) (courts will imply an agreement not to partition); *Dimock v. Kadane,* 100 S.W.3d 622, 625 (Tex.App.—Eastland 2003, pet. denied.) (affirming implied agreement not to partition mineral interests). Accordingly, it is well settled that parties can agree not to partition property, including minerals interests. One must look to the language of the dividing document, in this case the Partition Deed, to determine the parties' intent.

25.      In the instant case, the Partition Deed expressly excludes the oil and gas and other

mineral interests from the partition. It specifically states, "[t]his partition **DOES NOT INCLUDE any of the oil, gas and other minerals in, on, or under the above-described tracts of land, . . .**" See Partition Deed, Ex. B. The remaining language constitutes an agreement not to partition the minerals for a specified period of time. Specifically, the language provides, "and same are to remain undivided for a period of twenty-five (25) years from the date hereof and as long thereafter as oil, gas, or other minerals are produced in paying quantities from the above described lands." Under the above cited authorities, this language constitutes an express agreement not to partition for a specified and finite period of time.

26. If, after twenty-five years, oil, gas, and other minerals are not being produced in paying quantities, then the restriction on the parties' ability to partition was lifted and the parties were once again free, if they so desired, to take affirmative action to partition the minerals. No such partition has been made and thus the 100 percent ownership is shared equally by the Plaintiffs and Defendant, subject to any subsequent conveyances. As such, the Court must rule as a matter of law that the Partition Deed does not presently partition the oil, gas and other mineral rights to the Voigt Tract and Ms. Scott owns a 50% undivided interest.

## VII.
## CONCLUSION

For the foregoing reasons, Defendant is entitled to summary judgment as to the following:

a. The Partition Deed is unambiguous as a matter of law.

b. The Partition Deed does not currently partition the oil, gas and other mineral rights of the Voigt Tract.

67

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant ROSALE SCOTT respectfully request the Court grant this Motion for Summary Judgment as requested herein and for such other relief to which Defendant may be entitled.

BARTON, EAST & CALDWELL, P.L.L.C.
One Riverwalk Place, Suite 1825
700 N. St. Mary's Street
San Antonio, Texas 78205
Telephone: (210) 225-1655
Facsimile: (210) 225-8999

By: _____
G. WADE CALDWELL
State Bar No. 03621020
ZACHARY J. FANUCCHI
State Bar No. 24028548

**ATTORNEYS FOR DEFENDANT, ROSALE SCOTT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document will be served in the manner indicated this ____ day of December, 2013 upon the following:

Robert J. Ogle
Attorney at Law
508 E. San Antonio Street
Boerne, Texas 78006
Facsimile: (830) 249-8508
*Counsel for Plaintiff*

___ Certified Mail, Return Receipt Requested
X Facsimile
___ Hand Delivery
X Electronic Transmission

_____
G. WADE CALDWELL
ZACHARY J. FANUCCHI

WARRANTY DEED

THE STATE OF TEXAS

COUNTY OF ATASCOSA

KNOW ALL MEN BY THESE PRESENTS:

That we, FRIDOLIN ALEX VOIGT and wife PEARL SCHNAUTZ VOIGT of the County of Atascosa and State of Texas for and in consideration of the sum of TEN and No/100 DOLLARS ( $10.00) and other valuable consideration to the undersigned paid by the grantees herein named, the receipt of which is hereby acknowledged have GRANTED, SOLD and CONVEYED, and by these presents do GRANT , SELL AND CONVEY unto VICTOR HOSEK and wife IVARENE VOIGT HOSEK of the County of Wilson, State of Texas a one half (½) undivided interest in and to the following described property and unto ROSALE VOIGT SCOTT as her separate property a one half (½) interest in and to the following described property and same being a total of all the following described real property in Atascosa County, Texas, to-wit:

First Tract:

207.77 acres of land, situated about 20.miles S 85° E. from Jourdanton, Texas, and being made up of 11 acres out of the John Hefron Survey No. 214, Abstract No. 393; 27 acres out of the H.B. Theobold Survey No. 210, Abstract No 849; 105.77 acres out of the Geo W. Thomas Survey No. 209, Abstract No. 848; and 64 acres out of the John Smith Survey No. 213, Abstract No. 804; and being a part of Subdivisions Nos. I,II,and III of the Robert Krause 1103 acre tract, and said 207.77 acres, in one body, being described by metes and bounds as follows, to-wit:

BEGINNING at a corner fence post on the N.W. side of a 20 foot public road traversing the Robert Krause tract of land, the same being the east corner of Subdivision No. III, and the east corner of this tract;

THENCE S. 50° 00' W. 793.0 feet with the North line of said 20 foot road to a stake set on same for the lower southwest corner of this tract and the lower southeast corner of a 322.6 acre tract;

THENCE N. 40° 00' W. 1737.5 feet to a stake set for the inner southwest corner of this tract and the inner southeast corner of said 322.6 acre tract;

THENCE S. 50° 00' W. 1560.0 feet to a stake set for the upper southwest corner of this tract and a corner of said 322.6 acre tract;

THENCE N. 40° 00' W. 2915.0 feet to a stake set in the south fence line of an 8.6 acre tract for the Northwest corner of this tract and the Northeast corner of said 322.6 acre tract;

THENCE N. 69° 37' E. 112.5 feet with fence line to the Southeast corner fence post of said 8.6 acre tract;

BEC PLTF 0041



69

THENCE N. 0° 33'W. 373.5 feet with fence line to the Northeast corner fence post of said 8.6 acre tract;

THENCE N. 59° 32' E. 570.0 feet with fence line to corner fence post;

THENCE N. 39° 07' W. 363.5 feet with fence line to corner fence post for corner, same being the West corner of Subdivision No. III;

THENCE N. 53° 31 'E. 1432.0 feet with fence line to corner fence post for the Northeast corner of this tract, same being the North corner of Subdivision No. III;

THENCE S. 40° 00' E. 5083.0 feet with the common boundary fence line of Subdivisions Nos. III. and IV to the place of beginning,containing within the above metes and bounds 207.77 acres of land, comprised as aforesaid of 11 acres out of the John Hefron Survey No. 214; 27 acres out of the H.B. Theobold Survey No. 210; 105.77 acres out of the Geo. W. Thomas Survey No. 209; and 64 acres out of the John Smith Survey No. 213. Surveyed on April 19, 1948, by John M. Peel, County Surveyor of Atascosa County, Texas.

And being the same land described in deed dated May 6, 1948 from L. W. STIEREN to FRIDOLIN VOIGT and recorded in Vol. 189, Pages 379-382 of the Deed Records of Atascosa County, Texas.

Second Tract:
Being 130.77 acres of land in the Geo W. Thomas, Juan Ortiz, and C. Hernandez surveys and being described by metes and bounds as follows:

BEGINNING at a stake set on the southwest line of an old 20 foot road and the northeast line of a tract of 249¼ acres conveyed to H. E. Ridout by C. E. Koriff of which this tract is a part, said stake being set for the west corner of a 150-3/4 acre tract and the east corner of this tract and the lower north corner of a 119.04 acre tract;

THENCE N. 40 deg. W. 3203 feet with the southwest line of said 20 foot road and the northeast line of original 249¼ acre tract to a stake set for the north corner of this tract and the north corner of said original 249¼ acre tract;

THENCE S. 50 deg. 17'W. 2588 feet with the southeast line of a road and the northwest line of said 249¼ acre tract;

THENCE S. 40 deg. E. 2900 feet with the southwest fence line of said 249¼ acre Subdivision to a stake set on same for the south corner of this tract and the west corner of a 119.04 acre tract;

THENCE N. 50 deg. E. 1164.5 feet to a common corner of this tract and 119.04 acre tract;

THENCE N. 38 deg. 36' W. 1087.5 feet with fence line to a stake set on same for a common corner of this tract and 119.04 acre tract;

THENCE N. 50 deg. E. 384 feet to a post set for a common corner of this tract and 119.04 tract;

THENCE N. 40 deg. W. 304 feet to a post set for a common corner of this tract and 119.04 acre tract;

THENCE N. 50 deg. E. 984 feet to a stake set for a common corner of this tract and 119.04 acre tract;

BEC PLTF 0042

THENCE S. 40 deg. E. 1707.5 feet, parallel to and 30 feet for the northeast line of said 249¼ acre subdivision and southwest line of said 20 foot road to a stake set for a common corner of this tract and 119.04 acre tract;

THENCE N. 50 deg. E. 30 feet to the place of BEGINNING

and being the same land conveyed to Fridolin A. Voigt, et ux by W. H. Thane, et ux by deed dated January 29, 1945, appearing of record in Volume 173, Pages 601-603 of the Deed Records of Atascosa County, Texas.

TO HAVE AND TO HOLD the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging, unto the said grantees, their heirs and assigns forever; and we do hereby bind ourselves, our heirs, executors and administrators to WARRANT AND FOREVER DEFEND all and singular the said premises unto the said grantees, their heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

EXECUTED this __4th__ day of __October__ A. D. 1978.

*Fridolin Alex Voigt*

*Pearl Schnautz Voigt*

ACKNOWLEDGMENT

THE STATE OF TEXAS

COUNTY OF Wilson

Before me, the undersigned authority, on this day personally appeared FRIDOLIN ALEX VOIGT, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.
Given under my hand and seal of office on this the __4th__ day of October _____, A. D. 1978.

JOE R. WISEMAN
Notary Public in and for
Wilson County, Texas

*Joe R. Wiseman*
Notary Public in and for
_____ County, Texas

THE STATE OF TEXAS

COUNTY OF Wilson

Before me, the undersigned authority, on this day personally appeared PEARL SCHNAUTZ VOIGT, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that she executed the same for the purposes and consideration therein expressed.
Given under my hand and seal of office on this the __4th__ day of __October_____, A.D. 1978.

JOE R. WISEMAN
Notary Public in and for
Wilson County, Texas

*Joe R. Wiseman*
Notary Public in and for
_____ County, Texas

- 3 -

BEC PLTF 0043

Victor Hosek, et al to Rosale Voigt Scott, et al

DEED OF PARTITION

THE STATE OF TEXAS            )
                              )     KNOW ALL MEN BY THESE PRESENTS:
COUNTY OF ATASCOSA            ) )

That we, Victor Hosek and wife, Ivarene Voigt Hosek, of the County of Wilson, State of Texas, and Rosale Voigt Scott of the County of Bexar, State of Texas, have and hold in common the lands hereinafter mentioned, and are desirous of making partition of the same, it is hereby covenanted, granted, and agreed by and between said parties, and each of them covenants, grants, concludes, and agrees for himself, themselves, his and their heirs and assigns, that a partition of said lands be made as follows, to-wit:

First. The said Victor Hosek and wife, Ivarene Voigt Hosek, shall from henceforth have, hold, possess and enjoy in severalty by themselves and to themselves and to them and their heirs and assigns for their part, share, interest and proportion of said lands and premises, all that certain part of land situated in Atascosa County, Texas, as follows:

207.77 acres of land, situated about 20 miles S 85 deg. E. from Jourdanton, Texas, and being made up of 11 acres out of the John Hefron Survey No. 214, Abstract No. 393; 27 acres out of the H. B. Theobold Survey No. 210, Abstract No. 849; 105.77 acres out of the Geo. W. Thomas Survey No. 209, Abstract No. 848; and 64 acres out of the John Smith Survey No. 213, Abstract No. 804; and being a part of Subdivisions Nos. I, II, and III of the Robert Krause 1103 acre tract, and said 207.77 acres, in one body, being described by metes and bounds as follows, to-wit:

BEGINNING at a corner fence post on the N. W. side of a 20 foot public road traversing the Robert Krause tract of land, the same being the east corner of Subdivision No. III, and the east corner of this tract;

THENCE S. 50 deg. 00' W. 793.0 feet with the North line of said 20 foot road to a stake set on same for the lower southwest corner of this tract and the lower southeast corner of a 322.6 acre tract;

THENCE N. 40 deg. 00' W. 1737.5 feet to a stake set for the inner southwest corner of this tract and the inner southeast corner of said 322.6 acre tract;

THENCE S. 50 deg. 00' W. 1560.0 feet to a stake set for the upper southwest corner of this tract and a corner of said 322.6 acre tract;

BEC PLTF 0050

EXHIBIT

THENCE N. 40 deg. 00' W. 2915.0 feet to a stake set in the south fence line of an 8.6 acre tract for the Northwest corner of this tract and the Northeast corner of said 322.6 acre tract;

THENCE N. 69 deg. 37' E. 112.5 feet with fence line to the Southeast corner fence post of said 8.6 acre tract;

THENCE N. 0 deg. 33' W. 373.5 feet with fence line to the Northeast corner fence post of said 8.6 acre tract;

THENCE N. 59 deg. 32' E. 570.0 feet with fence line to corner fence post;

THENCE N. 39 deg. 07' J. 363.5 feet with fence line to corner fence post for corner, same being the West corner of Subdivision No. III;

THENCE N. 53 deg. 31' E. 1432.0 feet with fence line to corner fence post for the Northeast corner of this tract, same being the North corner of Subdivision No. III;

THENCE S. 40 deg. 00' E. 5083.0 feet with the common boundary fence line of Subdivisions Nos. III and IV to the place of beginning, containing within the above metes and bounds 207.77 acres of land, comprised as aforesaid of 11 acres out of the John Hefron Survey No. 214; 27 acres out of the H. B. Theobold Survey No. 210; 105.77 acres out of the Geo. W. Thomas Survey No. 209; and 64 acres out of the John Smith Survey No. 213. Surveyed on April 19, 1948, by John W. Peel, County Surveyor of Atascosa County, Texas.

And being the same land described in deed dated May 6, 1948, from L. W. Stieren to FRIDOLIN VOIGT and recorded in Vol. 189, Pages 379-382, of the Deed Records of Atascosa County, Texas.

LESS all that certain tract or parcel of land containing 38.5 acres of land, being a portion of a 207.77 acres tract described as First Tract, conveyed to Victor Hosek and wife, Ivarene Voigt Hosek, and Rosale Voigt Scott, by Warranty Deed dated October 9, 1978, of record in Volume 491, Pages 288-291, Deed Records of Atascosa County, Texas, comprised of 23.10 acres out of the H. B. Theobold Survey #210, Abstract #849, and 15.4 acres out of the Geo. W. Thomas Survey #209, Abstract #848, said 38.5 acres being more particularly described as follows:

BEGINNING at a 1/2 inch galvanized pipe set on the Northeast boundary line of said 207.77 acre tract for the North corner of this tract, from which Place of Beginning, the North corner of said 207.77 acre tract bears N. 40 deg. 00 min. W., 1701.00 feet;

THENCE S. 40 deg. E. 3354.20 feet to a 3/4 inch galvanized pipe found on the Northwest Right-of-Way line of an existing 50 feet county road for the East corner of this tract;

THENCE S. 50 deg. 28 min. W. 500.00 feet along the Northwest Right-of-way line of said existing 50 foot county road for a 1/2 inch galvanized pipe set for the South corner of this tract;

-2-

BEC PLTF 0051

THENCE N. 40 deg. 00 min. W. 3354.20 feet to a 1/2 inch galvanized pipe set for the West corner of this tract;

THENCE N. 50 deg. 28 min. E. 500.00 feet to the Place of Beginning, containing 38.5 acres of land, as surveyed on the ground by me, Victor Seguin, Registered Public Surveyor No. 1776, on this, the 13th. day of June, 1979.

This partition does not include any of the oil, gas and other minerals in, on, or under the above described tract of land, and same are to remain undivided for a period of twenty-five (25) years from date hereof and as long thereafter as oil, gas or other minerals are produced in paying quantities from the above described land.

Second. The said Rosale Voigt Scott shall from henceforth have, hold, possess and enjoy in severalty by herself and to herself and to her and her heirs and assigns for her part, share, interest and proportion of said lands and premises, the following two tracts of land situated in Atascosa County, Texas, described as follows:

First Tract: Being 130.77 acres of land in the Geo W. Thomas, Juan Ortiz, and C. Hernandez Surveys, and being described by metes and bounds as follows:

BEGINNING at a stake set on the southwest line of an old 20 foot road and the northeast line of a tract of 249¼ acres conveyed to H. E. Ridout by C. L. Koriff of which this tract is a part, said stake being set for the west corner of a 150-3/4 acre tract and the east corner of this tract and the lower north corner of a 119.04 acre tract;

THENCE N. 40 deg. W. 3203 feet with the southwest line of said 20 foot road and the northeast line of original 249¼ acre tract to a stake set for the north corner of this tract and the north corner of said original 249¼ acre tract;

THENCE S. 50 deg. 17' W. 2589 feet with the southeast line of a road and the northwest line of said 249¼ acre tract;

THENCE S. 40 deg. E. 2900 feet with the southwest fence line of said 249¼ acre Subdivision to a stake set on same for the south corner of this tract and the west corner of a 119.04 acre tract;

THENCE N. 50 deg. E. 1164.5 feet to a common corner of this tract and 119.04 acre tract;

THENCE N. 38 deg. 36' W. 1087.5 feet with fence line to a stake set on same for a common corner of this tract and 119.04 acre tract;

THENCE N. 50 deg. E. 384 feet to a post set for a common corner of this tract and 119.04 acre tract;

THENCE N. 40 deg. W. 304 feet to a post set for a common corner of this tract and 119.04 acre tract;

THENCE N. 50 deg. E. 384 feet to a stake set for a common corner of this tract and 119.04 acre tract;

THENCE S. 40 deg. E. 1707.5 feet, parallel to and 30 feet for the northeast line of said 249¼ acre subdivision and southwest line of said 20 foot road to a stake set for a common corner of this tract and 119.04 acre tract;

-3-

BEC PLTF 0052

THENCE N. 50 deg. E. 30 feet to the place of Beginning.

And being the same land conveyed to Fridolin A. Voigt et ux by W. H. Thane, et ux, by deed dated January 29, 1945, appearing of record in Volume 173, Pages 601-603 of the Deed Records of Atascosa County, Texas.

Second Tract. All that certain tract or parcel of land containing 38.5 acres of land, being a portion of a 207.77 acre tract described as First Tract, conveyed to Victor Hosek and wife, Ivarene Voigt Hosek, and Rosale Voigt Scott, by Warranty Deed dated October 9, 1978, of record in Volume 491, Pages 288-291, Deed Records of Atascosa County, Texas, comprised of 23.10 acres out of the H. B. Theobold Survey #210, Abstract #849, and 15.4 acres out of the Geo. W. Thomes Survey #209, Abstract #848, said 38.5 acres being more particularly described as follows:

BEGINNING at a 1/2 inch galvanzied pipe set on the Northeast boundary line of said 207.77 acre tract for the North corner of this tract, from which place of beginning, the North corner of said 207.77 acre tract bears N. 40 deg. 00 min. W. 1701 feet;

THENCE S. 40 deg. E. 3354.20 feet to a 3/4 inch galvanized pipe found on the Northwest right-of-way line of an existing 50 foot county road for the East corner of this tract;

THENCE S. 50 deg. 28 min. W. 500.00 feet along the Northwest right-of-way line of said existing 50 foot county road for a 1/2 inch galvanized pipe set for the South corner of this tract;

THENCE N. 40 deg. oo min. W. 3354.20 feet to a 1/2 inch galvanized pipe set for the West corner of this tract;

THENCE N. 50 deg. 28 min. E., 500.00 feet to the place of beginning, containing 38.5 acres of land, as surveyed on the ground by me, Victor Seguin, Registered Public Surveyor No. 1776, on this, the 13th. day of June, 1979.

This partition does not include any of the oil, gas and other minerals in, on or under the above described tracts of land, and same are to remain undivided for a period of twenty-five (25) years from date hereof and as long thereafter as oil, gas or other minerals are produced in paying quantities from the above described lands.

Witness our hands this __17th__ day of August, 1979.

*Victor Hosek*      *Ivarene Voigt Hosek*

                            *Rosale Voigt Scott*

BEC PLTF 0053

THE STATE OF TEXAS

COUNTY OF WILSON

   Before me, the undersigned authority, on this day personally appeared Victor Hosek, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

   Given under my hand and seal of office, on this the __17th__ day of August, A. D. 1979.

JOE R. WISEMAN
Notary Public in and for
Wilson County, Texas

     Joe R. Wiseman
    Notary Public in and for Wilson County,
      Texas.


THE STATE OF TEXAS

COUNTY OF WILSON

   Before me, the undersigned authority, on this day personally appeared Ivarene Voigt Hosek, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that she executed the same for the purposes and consideration therein expressed.

   Given under my hand and seal of office, on this the __17th__ day of August, A. D. 1979.

JOE R. WISEMAN
Notary Public in and for
Wilson County, Texas

     Joe R. Wiseman
    Notary Public in and for Wilson County,
      Texas.


THE STATE OF TEXAS

COUNTY OF WILSON

   Before me, the undersigned authority, on this day personally appeared Rosale Voigt Scott, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that she executed the same for the purposes and consideration therein expressed.

   Given under my hand and seal of office, on this the __17th__ day, A. D. 1969.

JOE R. WISEMAN
Public in and for
, Texas

     Joe R. Wiseman
    Notary Public in and for __Wilson__
      County, Texas.

    JOE R. WISEMAN
    Notary Public in and for
    Wilson County, Texas

-5-

BEC PLTF 0054

## CERTIFICATE OF RECORD

THE STATE OF TEXAS
COUNTY OF ATASCOSA } I, ELIDIA SEGURA, Clerk of the County Court, in and for said County, do hereby certify that the foregoing instrument of writing, with its certificate of authentication, was filed for record in my office the _____ day of _____ A.D. 19__ at ____ o'clock ___ M. and duly recorded the _____ day of _____ A.D. 19__ at _____ o'clock ___ M. in _____ Records of said County in Vol. _____ on Pages _____.

IN TESTIMONY WHEREOF, witness my hand and official seal at office, this _____ day of _____ A.D. 19__.

By _____ Deputy

ELIDIA SEGURA
Clerk, County Court, Atascosa County

PARTITION DEED

VICTOR HOSEK And wife
IVARENE VOIGT HOSEK
AND ROSALE VOIGT SCOTT

Filed for Record
___ Day of Aug 19__
at 2:10 o'clock P. M

ELIDIA SEGURA
County Clerk, Atascosa County
By _____ Deputy

Return to
Victor Hosek
Rt. 4 Box 6-A
Floresville, Texas 78114

JOE R. WISEMAN
ATTORNEY AT LAW
FLORESVILLE, TEXAS

510 PAGE 131

BEC-PLTF-0055

Warranty Deed    ROSALE VOIGT SCOTT,  TO  VICTOR HOSEK, ET UX

THE STATE OF TEXAS:

COUNTY OF ATASCOSA:

KNOW ALL MEN BY THESE PRESENTS:

That I, ROSALE VOIGT SCOTT, of the County of Bexar and State of Texas,

for and in consideration of the sum of TEN AND NO/100 ($10.00) DOLLARS and

other good and valuable consideration , cash to me in hand paid by VICTOR

HOSEK and wife IVARENE VOIGT HOSEK, the receipt and sufficiency of which is

hereby acknowledged;

have GRANTED, SOLD AND CONVEYED and by these presents do GRANT, SELL AND CONVE

unto the said VICTOR HOSEK and wife IVARENE VOIGT HOSEK, of the County of

Wilson and State of Texas, all that certain tract or parcel of land, lying

and being situated in the County of Atascosa and State of Texas, and more

particularly described as follows, to-wit:

> BEING 38.5 acres of land, being a portion of a 207.77 acres tract
> described as First Tract, conveyed to Victor Hosek, et ux, and
> Rosale Voigt Scott, by Warranty Deed dated Oct. 9, 1978, of record
> in Vol. 491, Pages 288-291, Deed Records of Atascosa County, Texas,
> comprised of 23.10 acres out of the H. B. Theobold Survey No. 210,
> Abstract No. 849, and 15.4 acres out of the Geo. W. Thomas Survey
> No. 209, Abstract No. 848, said 38.5 acres being more particularly
> described as follows:
>
> BEGINNING at a 1/2 inch galvanized pipe set on the Northeast boundary
> line of said 207.77 acre tract for the North corner of this tract,
> from which Place of Beginning, the North corner of said 207.77 acre
> tract bears N. 40 deg. 00 min. W., 1701.00 feet;
>
> THENCE S. 40 deg. E. 3354.20 feet to a 3/4 inch galvanized pipe
> found on the Northwest Right-of-Way line of an existing 50 feet
> county road for the East corner of this tract;
>
> THENCE S. 50 deg. 28 min. W. 500.00 feet along the Northwest Right-
> of-Way line of said existing 50 foot county road for a 1/2 inch
> galvanized pipe set for the South corner of this tract;
>
> THENCE N. 40 deg. 00 min. W. 3354.20 feet to a 1/2 inch galvanized pipe
> set for the West corner of this tract;
>
> THENCE N. 50 deg. 28 min. E. 500.00 feet to the Place of Beginning,
> containing 38.5 acres of land, as surveyed on the ground by Victor
> Seguin, Registered Public Surveyor No. 1776, on the 13th day of
> June, 1979.

This conveyance and hereinafter warranty are made expressly subject to

the following:

a. Reservation of all of the oil, gas and other minerals, as reserved

in the Partition Deed executed by Victor Hosek, et al, to each other, dated

August 17, 1979, and appearing of record in Vol. 510, Page 126 of the Deed

Records of Atascosa County, Texas;

BOOK 514 PAGE 1017

BEC PLTF 0062



78

b. Easement reserved by Oscar Wiedner, et al, in that certain Deed executed in favor of Edgar R. Krause, dated May 19, 1939, and appearing of record in Vol. 144, Page 367 of the Deed Records of Atascosa County, Texas.

TO HAVE AND TO HOLD the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said VICTOR HOSEK and wife IVARENE VOIGT HOSEK, their heirs and assigns, forever, and I do hereby bind myself, my heirs, executors and administrators to WARRANT AND FOREVER DEFEND, all and singular the said premises unto the said VICTOR HOSEK and wife IVARENE VOIGT HOSEK, their heirs and assigns, against every person whomsoever lawfully claiming, or to claim the same, or any part thereof.

Grantor herein does further expressly warrant that the property herein conveyed is her separate property and estate, that it forms no part of any part of her homestead and that said property has been under her exclusive control and management since her date of acquisition thereof.

EXECUTED this the _16th_ day of October, A.D., 1979.

_Rosale Voigt Scott_
ROSALE VOIGT SCOTT

THE STATE OF TEXAS:

COUNTY OF ATASCOSA:

BEFORE ME, the undersigned authority, on this day personally appeared ROSALE VOIGT SCOTT, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that she executed the same for the purposes and consideration therein expressed.

GIVEN under my hand and seal of office on this the _16th_ day of October, A.D., 1979.

My commission expires:
_3-31-81_

_Alfred A. Steinle_
NOTARY PUBLIC, ATASCOSA COUNTY, TEXAS

BOOK 514 PAGE 108

BEC PLTF 0063

CERTIFICATE OF RECORD

THE STATE OF TEXAS
COUNTY OF ATASCOSA } I, ELIDIA SEGURA, Clerk of the County Court, in and for said

County, do hereby certify that the foregoing instrument of writing, with its certificate of authentication, was filed for record in my office the ........ day of ........ A.D. 19 79 at ........ o'clock ........ M. and duly recorded the ........ day of ........ A.D. 19 ........ at 1:30 o'clock ........ M. in ........ Deed ........ Records of said County in Vol 514 on Pages 108-109

IN TESTIMONY WHEREOF, witness my hand and official seal at office, this ........ day, of ........ October ........ A.D. 19 79

By ........................ Deputy

ELIDIA SEGURA
Clerk, County Court, Atascosa County

WARRANTY DEED

ROSALIE VOIGT SCOTT

TO

VICTOR HOSEK, ET UX

BOOK 514 PAGE 109

Filed for Record
22 Day of Oct 19 79
at 11:45 o'clock A M
ELIDIA SEGURA
County Clerk, Atascosa County
By ........................
Deputy

Return:
Victor Hosek
Route 4, Box 6-A
Floresville, Texas 78114

STEINLE, STEINLE AND WETHERBEE
Attorneys at Law
JOURDANTON, TEXAS 78026

$7.00

Fee: Alfred A. Steinle

BEC PLTF 0064

ROSALE VOIGT SCOTT, ET VIR TO EVARISTO MORALES, ET UX
CASH WARRANTY DEED

THE STATE OF TEXAS:

KNOW ALL MEN BY THESE PRESENTS:

COUNTY OF ATASCOSA:

THAT WE, ROSALE VOIGT SCOTT and husband, HUGH O. SCOTT, of Bexar County, Texas, for and in consideration of TEN AND NO/100THS ($10.00) DOLLARS cash, and other good and valuable consideration of which is hereby acknowledged, to me in hand paid by EVARISTO MORALES and wife, IRENE F. MORALES, of 124 City Street, San Antonio, Bexar County, Texas 78204, the receipt and sufficiency of which is hereby acknowledged;

have GRANTED, SOLD and CONVEYED, and by these presents do GRANT, SELL and CONVEY unto EVARISTO MORALES and wife, IRENE F. MORALES, the following described real property, lying and being situated in Atascosa County, Texas, and more particularly described as follows, to-wit:

BEING 60.00 acres of land; 39.93 acres out of the George W. Thomas Survey No. 209, Abstract No. 848 and 20.07 acres out of the Candido Hernandez Survey No. 205, Abstract No. 351, Atascosa County, Texas and out of a 130.77 acre tract of land recorded in Volume 510, Pages 126-130, Deed Records, Atascosa County, Texas. Said 60.00 acres being more particularly described as follows:.

BEGINNING at a fence corner for the south corner of this tract and the south corner of the 130.77 acre tract.

THENCE N 40° 00' 00" W, 2862.22 feet along the southwest line of the 130.77 acre tract to a flare corner on the southeast line of a County Road for the west corner of this tract.

THENCE along the southeast line of said County Road the following courses:
N 22° 28' 22" E, 92.18 feet to a flare fence corner.
N 50° 19' 29" E, 877.40 feet to an iron pin set for the north corner of this tract.

THENCE S 40° 00' 00" E, 2348.85 feet to an iron pin set for the upper east corner of this tract.

THENCE S 50° 00' 00" W, 305.96 feet to an iron pin set for a corner of this tract.

THENCE S 40° 00' 00" E, 551.00 feet to an iron pin set in the southeast line of the 130.77 acre tract for the lower east corner of this tract.

THENCE S 50° 00' 00" W, 653.17 feet along the southeast line of the 130.77 acre tract to the POINT OF BEGINNING.

This Deed and the hereinafter warranty are made expressly subject to the following:

a. Reservation of an undivided one-half (1/2) interest in and to the oil, gas and other minerals in, on and under and that may be produced from the herein described premises. Such reservation appearing in a Partition Deed dated August 17, 1979 by and between Victor Hosek, et ux, Ivarene Voigt Hosek and Rosale Voigt Scott which deed appears of record in Volume 510, Page 126, Deed Records, Atascosa County, Texas.

BOOK 745 PAGE 50

EXHIBIT
D

50

DEF 0021

TO HAVE AND TO HOLD the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said grantees, their heirs and assigns forever; and we do hereby bind ourselves, our heirs, executors and administrators, to WARRANT AND FOREVER DEFEND, all and singular the said premises unto the said grantees, their heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

EXECUTED this 4th day of March, 1986.

_____
ROSALE VOIGT SCOTT

_____
HUGH O. SCOTT

THE STATE OF TEXAS:

COUNTY OF ATASCOSA:

This instrument was acknowledged before me on the 4th day of March, 1986, by ROSALE VO...

My commission _____

_____
Notary Public, State of Texas
Printed name:_____

CHARLES F. WETHERBEE
COMMISSION EXPIRES 9-24-90

THE STATE OF TEXAS:

COUNTY OF ATASCOSA:

This instrument was acknowledged before me on the 4th day of March, 1986, by HUGH O. SCOTT.

My commission expires:_____

_____
Notary Public, State of Texas
Printed name:_____

CHARLES F. WETHERBEE
COMMISSION EXPIRES 9-24-90

DEF 0022

1064

Filed for Record
4th Day of May 19 86
at 1:45 o'clock P M

ELIDIA SEGURA

County Clerk. Atascosa County
By Cecilia Miller
Deputy

Bill and Return
Charles Wetherbee

BOOK **745** PAGE **52**

FILED FOR RECORD MARCH     4      A.D. 1986 AT      1:45          O'CLOCK     P .M. AND

DULY RECORDED  MARCH        7    A.D. 1986 AT      4:00          O'CLOCK     P .M.   IN

ATASCOSA COUNTY DEED RECORDS, VOLUME  .     745     .              PAGES   50-52          .

ELIDIA SEGURA, CLERK COUNTY COURT, ATASCOSA COUNTY, TEXAS.

BY Margaret Garcia     (MARGARET GARCIA)DEPUTY.

52

DEF 0023

THE STATE OF TEXAS

COUNTY OF ATASCOSA                    KNOW ALL MEN BY THESE PRESENTS:

That I, ROSALE VOIGT SCOTT, joined pro forma by my husband, HUGH O. SCOTT, of Wilson County, Texas, for and in consideration of the sum of TEN AND NO/100 ($10.00) DOLLARS and other valuable consideration to the undersigned paid by the Grantees herein named, the receipt and sufficiency of which is hereby acknowledged, and the further consideration of the execution and delivery by Grantees of their one certain vendor's lien note of even date herewith in the principal sum of THIRTY THOUSAND AND NO/100 ($30,000.00) DOLLARS, payable to the order of ROSALE VOIGT SCOTT, as therein provided and bearing interest at the rates therein specified and providing for acceleration of maturity in event of default and for attorney's fees, the payment of which note is secured by the vendor's lien herein retained and is additionally secured by Deed of Trust of even date herewith to James R. Andrus, Trustee, have GRANTED, SOLD AND CONVEYED and by the. presents do GRANT, SELL AND CONVEY unto WILLIAM W. KING and wife, ROSIE KING, whose address is 11911 Longleaf Lane, Houston, Harris County, Texas 77024, all of the following described real property situated in Atascosa County, Texas, to-wit:

BEING 70.77 acres of land, more or less, described as follows:
BEING that certain 130.77 acres of land out of the George W. Thomas Survey, Abstract No. 848, the Juan Ortiz Survey, Abstract No. 652 and the Candido Hernandez Survey, Abstract No. 351, Atascosa County, Texas, and being the same property described as First Tract in the property conveyed to Rosale Voigt Scott in that certain Partition Deed dated August 17, 1979, executed by and between Victor Hosek and wife, Ivarene Voigt Hosek and Rosale Voigt Scott, which Partition deed appears of record in Vol. 510, Page 126 of the Deed Records of Atascosa County, Texas.
LESS HOWEVER, that certain 60 acres of land; 39.93 acres out of the George W. Thomas Survey, Abstract No. 848 and 20.07 acres out of the Candido Hernandez Survey No. 205, Abstract No. 351, Atascosa County, Texas, which is more particularly described in that certain Warranty Deed dated March 3, 1986, executed by Rosale Voigt Scott, et vir to Evaristo Morales, et ux, appearing of record in Vol. 745, Page 50 of the Deed Records of Atascosa County, Texas.

SAVE AND EXCEPT, there is hereby reserved unto Rosale Voigt Scott, her heirs and assigns, an undivided one-half (1/2) interest in and to the oil, gas and other minerals in, on and under and that may be produced from the herein described premises for a period of twenty (20) years from date hereof, and for so long thereafter as oil, gas or other minerals are produced therefrom, together with the right of ingress and egress during said period for the purpose of exploring, drilling, producing and operating said land for oil, gas or other minerals and for the purposes of treating and removing the same therefrom.

This conveyance and the hereinafter warranty are expressly subject to the following:

a. Right of Way Agreement dated January 20, 1949, executed by Fridolin A. Voigt, et ux to Atlantic Pipeline Company, appearing of record in Vol. 197, Page 338, Deed Records of Atascosa County, Texas.
b. Right of Way Agreement dated August 19, 1980, executed by Rosalie Voight Scott to Valero Marketing Company, appearing of record in Vol. 532, Page 361, Deed Records of Atascosa County, Texas.



EXHIBIT
E

DEF 0015

84

c. Mineral and/or royalty interest excluded or retained in deed recorded in Volume 510, Page 126, Deed Records of Atascosa County, Texas.

TO HAVE AND TO HOLD the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging, unto the said WILLIAM W. KING and wife, ROSIE KING, their heirs and assigns forever; and we do hereby bind ourselves, our heirs, executors and administrators to WARRANT AND FOREVER DEFEND all and singular the said premises unto the said WILLIAM W. KING and wife, ROSIE KING, their heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

But it is expressly agreed and stipulated that the Vendor's Lien as well as the superior title is retained against the above described property, premises and improvements, until the above described note, and all interest thereon are fully paid according to its face, tenor, effect and reading thereof, when this deed shall become absolute.

EXECUTED this 29th day of January, 1990.

_Rosale Voigt Scott_
ROSALE VOIGT SCOTT

_Hugh O. Scott_
HUGH O. SCOTT

THE STATE OF TEXAS
COUNTY OF ATASCOSA

This instrument was acknowledged before me this 29ᵗʰ day of January, 1990, by ROSALE VOIGT SCOTT and husband, HUGH O. SCOTT.

_Alfred A. Steinle_
NOTARY PUBLIC, STATE OF TEXAS

ALFRED A. STEINLE
Notary Public State of Texas
My Commission Expires 03/31/93

BOOK 819 PAGE 136

85

DEF 0016

335

BOOK 819 PAGE 137

WARRANTY DEED/VENDOR'S LIEN

ROSALE VOIGT SCOTT, ET VIR

TO

WILLIAM W. KING, ET UX

Return to William W. King.
11911 Longleaf Lane
Houston, TX 77024

Filed for Record
29 Day of Jan. 19 90
at 11:15 o'clock A. M
LAQUITA HAYDEN
County Clerk, Atascosa County
By Jane Sanchez
Deputy
$ 7.00 Pd

STEINLE AND WETHERBEE
Attorneys at Law
P. O. BOX 400
JOURDANTON, TEXAS 78026

STATE OF TEXAS    COUNTY OF ATASCOSA
I hereby certify that this instrument was filed on the
date and time stamped hereon by me and was duly
recorded in the volume and page of the Deed
records of Atascosa County, Texas stamped hereon
by me:          RECORDING DATE
                Jan. 30, 1990
                LAQUITA HAYDEN
COUNTY CLERK Atascosa County, Texas
By M. Garcia Deputy

86

DEF 0017

NO. 13-06-0559-CVA

| | | |
|---|---|---|
| IVARENE HOSEK AND VICTOR HOSEK | § | IN THE DISTRICT COURT |
| Plaintiffs, | § | |
| | § | |
| | § | |
| V. | § | 81ST JUDICIAL DISTRICT |
| | § | |
| ROSALE SCOTT | § | |
| Defendant. | § | ATASCOSA COUNTY, TEXAS |

**PLAINTIFF'S RESPONSE TO**
**REQUESTS FOR ADMISSIONS**
**OF DEFENDANT ROSALE SCOTT**

**TO:** Rosale Scott, Defendant, by and through Defendant's attorney of record, G. Wade Caldwell

**NOW COMES** Ivarene Hosek and Victor Hosek, Plaintiffs, and respond to the Requests for Admissions propounded by Rosale Scott pursuant to Rule 198 of the Texas Rules of Civil Procedure.

Respectfully submitted,

By: _____

Robert J. Ogle
Texas Bar No. 15231350
508 E. San Antonio St.
Boerne, TX 78006
Tel. (830) 249-9358
Fax. (830) 249-8508
Attorney for Plaintiffs
Ivarene Hosek and Victor Hosek

1

**87**



EXHIBIT F

## CERTIFICATE OF SERVICE

I certify that on August /5 , 2013 a true and correct copy of Plaintiff's Response to Requests for Admissions was served by facsimile transmission on G. Wade Caldwell at 210-225-8999.

_____
Robert J. Ogle

**Request for Admission No. 25:** Admit that SCOTT never executed a document partitioning the minerals under the HOSEK TRACT after the PARTITION DEED was executed.

    **Response:**    Admit

6

# Tab B



FILED 4:23 O'CLOCK P M
MARGARET E. LITTLETON, DISTRICT CLERK

JAN - 6 2014

CLERK DISTRICT COURT ATASCOSA CO., TX
_____ DEPUTY

NO. 13-06-0559-CVA

| | | |
|---|---|---|
| IVARENE HOSEK AND VICTOR HOSEK | § | IN THE DISTRICT COURT |
| Plaintiffs, | § | |
| | § | |
| | § | |
| V. | § | 81ST JUDICIAL DISTRICT |
| | § | |
| ROSALE SCOTT | § | |
| Defendant. | § | ATASCOSA COUNTY, TEXAS |

## PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COME** Plaintiffs, Ivarene Hosek and Victor Hosek, Non-Movants herein, and request this Honorable Court to DENY Movant's Motion for Partial Summary Judgment.

I.

INTRODUCTION

A. When a movant files a motion for summary judgment based on summary judgment evidence, the court can grant the motion only when the movant's evidence proves, as a matter of law, all the elements of the movant's cause of action or defense, or disproves the facts of at least one element in the non-movant's cause or defense.

B. When evaluating a motion for summary judgment, the court must:

1. Assume all the non-movant's proof is true;

2. Indulge every reasonable inference in favor of the non-movant; and

3. Resolve all doubts about the existence of a genuine issue of material fact against the movant.

II.

A. The Hoseks, the Non-Movants in this cause, filed a declaratory judgment action

1

92

against Movant Scott, seeking an interpretation of a Partition Deed. The Partition Deed is attached hereto as Exhibit "A". The Partition Deed reads as follows:

"This partition does not include any of the oil, gas and other minerals in, on, or under the above described tract of land, and same are to remain undivided for a period of twenty-five(25) years from date hereof and as long thereafter as oil, gas or other minerals are produced in paying quantities from the above described land."

The conflict over the interpretation of this Deed arises out of the failure of the document to state what will occur after the expiration of the 25 year period and cessation of production. The Deed does not expressly state what happens upon that occurrence, and thus the conflict was born.

The deed was drafted by an attorney who is deceased. The Hoseks are aware that the language was intended that the undivided mineral interests revert to the surface owners after the expiration of 25 years and cessation of production, which occurred in 2004. The Hoseks, together with Ms. Scott, instructed the attorney to prepare an instrument which gave effect to their intention.

Movant Scott sold her land *with the minerals* and received cash consideration for the sale. She now seeks one half of the minerals beneath the Hoseks' land, citing the defective deed as the source of her title. In the letter attached as Exhibit "5" to Scott's deposition, Scott tells her prospective buyer that he will receive the minerals under the land she will sell him after the expiration of the 25 year period.

Movant filed a counterclaim against Non-Movants seeking affirmative relief for damages and a declaration that she owns one-half of the minerals under the Hoseks' land. Movant is aware that the Hoseks have leased their minerals to an oil company and that royalties are being

2

withheld until this conflict is resolved. During the course of exploration and development of the minerals on the Hoseks' property, no oil company or title examiner opined that Movant Scott owned any interest.

The Hoseks' retained expert, title examiner Allen D. Cummings, opines that the most natural interpretation of the Partition Deed language is that the minerals reverted to the surface owner after the expiration of 25 years and cessation of production. The report of Mr. Cummings, as well as his CV, are attached to his affidavit, being Exhibit "C" hereto.

B.    Movant alleges there is no genuine issue of material fact as to any element of interpretation of the Partition Deed. The very existence of this litigation disproves this claim. The wording is susceptible to multiple meanings by virtue of the Movant's claim that the language did not have its commonly accepted meaning.

C.    Non-Movants claim a genuine issue of material fact exists as to Movant's counterclaim and submit affidavits, discovery, documentary evidence and Movants' pleadings, as summary judgment evidence, referenced in an appendix attached hereto, filed with this response and incorporated by such reference for all purposes as if recited verbatim herein.

III.

A.    Non-Movants filed a claim against Movant seeking affirmative relief for the interpretation of a Partition Deed.

B.    Movant alleges Movant is entitled to a partial summary judgment as a matter of law, and alleges that Movant can prove her counterclaim.

1.    Non-Movants claim a genuine issue of material fact exists as to Movant's claim and submit affidavits, discovery, documentary evidence and Movants' pleadings, as summary judgment evidence, referenced in an appendix attached hereto, filed with this

3

**94**

response and incorporated by such reference for all purposes as if recited verbatim herein.

IV.

A.     The Court should deny Movant's Motion for Partial Summary Judgment and permit evidence to be presented and heard to establish the proper interpretation of the Partition Deed made the basis of this lawsuit. The very existence of this dispute proves that there are multiple interpretations of the document, and the evidence presented in this pleading establishes that the Non-Movants' interpretation is the proper meaning of the document.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Non-Movants pray that this Court will deny Defendant's Motion for Partial Summary Judgment, or order such other relief as may be appropriate.

Respectfully submitted,

By: _____
Robert J. Ogle
Texas Bar No. 15231350
508 E. San Antonio St.
Boerne, TX 78006
Tel. (830) 249-9358
Fax. (830) 249-8508
Attorney for Plaintiffs
Ivarene Hosek and Victor Hosek

4

## CERTIFICATE OF SERVICE

I certify that on _January 3_ , 2014 a true and correct copy of Plaintiffs' Response to Motion for Summary Judgment was served by electronic mail on G. Wade Caldwell at gcaldwell@beclaw.com.

_____
Robert J. Ogle

5

**96**

# Tab C

Victor Hosek, et al to Rosale Voigt Scott, et al

DEED OF PARTITION

THE STATE OF TEXAS          )
                            )          KNOW ALL MEN BY THESE PRESENTS:
COUNTY OF ATASCOSA          ) )

That we, Victor Hosek and wife, Ivarene Voigt Hosek, of the
County of Wilson, State of Texas, and Rosale Voigt Scott of the County
of Bexar, State of Texas, have and hold in common the lands hereinafter
mentioned, and are desirous of making partition of the same, it is
hereby covenanted, granted, and agreed by and between said parties, and
each of them covenants, grants, concludes, and agrees for himself,
themselves, his and their heirs and assigns, that a partition of said
lands be made as follows, to-wit:

First. The said Victor Hosek and wife, Ivarene Voigt Hosek,
shall from henceforth have, hold, possess and enjoy in severalty by
themselves and to themselves and to them and their heirs and assigns
for their part, share, interest and proportion of said lands and
premises, all that certain part of land situated in Atascosa County,
Texas, as follows:

207.77 acres of land, situated about 20 miles S 85 deg. E.
from Jourdanton, Texas, and being made up of 11 acres out of the John
Hefron Survey No. 214, Abstract No. 393; 27 acres out of the H. B.
Theobold Survey No. 210, Abstract No. 849; 105.77 acres out of the
Geo. W. Thomas Survey No. 209, Abstract No. 848; and 64 acres out
of the John Smith Survey No. 213, Abstract No. 804; and being a part
of Subdivisions Nos. I, II, and III of the Robert Krause 1103 acre
tract, and said 207.77 acres, in one body, being described by metes
and bounds as follows, to-wit:

BEGINNING at a corner fence post on the N. W. side of a 20
foot public road traversing the Robert Krause tract of land, the same
being the east corner of Subdivision No. III, and the east corner of
this tract;

THENCE S. 50 deg. 00' W. 793.0 feet with the North line of
said 20 foot road to a stake set on same for the lower southwest
corner of this tract and the lower southeast corner of a 322.6 acre
tract;

THENCE N. 40 deg. 00' W. 1737.5 feet to a stake set for the
inner southwest corner of this tract and the inner southeast corner
of said 322.6 acre tract;

THENCE S. 50 deg. 00' W. 1560.0 feet to a stake set for the
upper southwest corner of this tract and a corner of said 322.6 acre
tract;

BEC PLTF 0050

EXHIBIT

72

THENCE N. 40 deg. 00' W. 2915.0 feet to a stake set in the south fence line of an 8.6 acre tract for the Northwest corner of this tract and the Northeast corner of said 322.6 acre tract;

THENCE N. 69 deg. 37' E. 112.5 feet with fence line to the Southeast corner fence post of said 8.6 acre tract;

THENCE N. 0 deg. 33' W. 373.5 feet with fence line to the Northeast corner fence post of said 8.6 acre tract;

THENCE N. 59 deg. 32' E. 570.0 feet with fence line to corner fence post;

THENCE N. 39 deg. 07' W. 363.5 feet with fence line to corner fence post for corner, same being the West corner of Subdivision No. III;

THENCE N. 53 deg. 31' E. 1432.0 feet with fence line to corner fence post for the Northeast corner of this tract, same being the North corner of Subdivision No. III;

THENCE S. 40 deg. 00' E. 5083.0 feet with the common boundary fence line of Subdivisions Nos. III and IV to the place of beginning, containing within the above metes and bounds 207.77 acres of land, comprised as aforesaid of 11 acres out of the John Hefron Survey No. 214; 27 acres out of the H. B. Theobold Survey No. 210; 105.77 acres out of the Geo. W. Thomas Survey No. 209; and 64 acres out of the John Smith Survey No. 213. Surveyed on April 19, 1948, by John W. Peal, County Surveyor of Atascosa County, Texas.

And being the same land described in deed dated May 6, 1948, from L. W. Stieren to FRIDOLIN VOIGT and recorded in Vol. 189, Pages 379-382, of the Deed Records of Atascosa County, Texas.

LESS all that certain tract or parcel of land containing 38.5 acres of land, being a portion of a 207.77 acres tract described as First Tract, conveyed to Victor Hosek and wife, Ivarene Voigt Hosek, and Rosale Voigt Scott, by Warranty Deed dated October 9, 1978, of record in Volume 491, Pages 288-291, Deed Records of Atascosa County, Texas, comprised of 23.10 acres out of the H. B. Theobold Survey #210, Abstract #849, and 15.4 acres out of the Geo. W. Thomas Survey #209, Abstract #848, said 38.5 acres being more particularly described as follows:

BEGINNING at a 1/2 inch galvanized pipe set on the Northeast boundary line of said 207.77 acre tract for the North corner of this tract, from which Place of Beginning, the North corner of said 207.77 acre tract bears N. 40 deg. 00 min. W., 1701.00 feet;

THENCE S. 40 deg. E. 3354.20 feet to a 3/4 inch galvanized pipe found on the Northwest Right-of-Way line of an existing 50 feet county road for the East corner of this tract;

THENCE S. 50 deg. 28 min. W. 500.00 feet along the Northwest Right-of-way line of said existing 50 foot county road for a 1/2 inch galvanized pipe set for the South corner of this tract;

BEC PLTF 0051

THENCE N. 40 deg. 00 min. W. 3354.20 feet to a 1/2 inch galvanized pipe set for the West corner of this tract;

THENCE N. 50 deg. 28 min. E. 500.00 feet to the Place of Beginning, containing 38.5 acres of land, as surveyed on the ground by me, Victor Seguin, Registered Public Surveyor No. 1776, on this, the 13th. day of June, 1979.

This partition does not include any of the oil, gas and other minerals in, on or under the above described tract of land, and same are to remain undivided for a period of twenty-five (25) years from date hereof and as long thereafter as oil, gas or other minerals are produced in paying quantities from the above described land.

Second. The said Rosale Voigt Scott shall from henceforth have, hold, possess and enjoy in severalty by herself and to herself and to her and her heirs and assigns for her part, share, interest and proportion of said lands and premises, the following two tracts of land situated in Atascosa County, Texas, described as follows:

First Tract: Being 130.77 acres of land in the Geo W. Thomas, Juan Ortiz, and C. Hernandez Surveys, and being described by metes and bounds as follows:
BEGINNING at a stake set on the southwest line of an old 20 foot road and the northeast line of a tract of 249¼ acres conveyed to H. E. Ridout by C. L. Koriff of which this tract is a part, said stake being set for the west corner of a 150-3/4 acre tract and the east corner of this tract and the lower north corner of a 119.04 acre tract;
THENCE N. 40 deg. W. 3203 feet with the southwest line of said 20 foot road and the northeast line of original 249¼ acre tract to a stake set for the north corner of this tract and the north corner of said original 249¼ acre tract;
THENCE S. 50 deg. 17' W. 2588 feet with the southeast line of a road and the northwest line of said 249¼ acre tract;
THENCE S. 40 deg. E. 2900 feet with the southwest fence line of said 249¼ acre Subdivision to a stake set on same for the south corner of this tract and the west corner of a 119.04 acre tract;
THENCE N. 50 deg. E. 1164.5 feet to a common corner of this tract and 119.04 acre tract;
THENCE N. 38 deg. 36' W. 1087.5 feet with fence line to a stake set on same for a common corner of this tract and 119.04 acre tract;
THENCE N. 50 deg. E. 384 feet to a post set for a common corner of this tract and 119.04 acre tract;
THENCE N. 40 deg. W. 304 feet to a post set for a common corner of this tract and 119.04 acre tract;
THENCE N. 50 deg. E. 984 feet to a stake set for a common corner of this tract and 119.04 acre tract;
THENCE S. 40 deg. E. 1707.5 feet, parallel to and 30 feet for the northeast line of said 249¼ acre subdivision and southwest line of said 20 foot road to a stake set for a common corner of this tract and 119.04 acre tract;

-3-

BEC PLTF 0052

THENCE N. 50 deg. E. 30 feet to the place of Beginning.

And being the same land conveyed to Fridolin A. Voigt et ux by W. H. Thane, et ux, by deed dated January 29, 1945, appearing of record in Volume 173, Pages 601-603 of the Deed Records of Atascosa County, Texas.

Second Tract. All that certain tract or parcel of land containing 38.5 acres of land, being a portion of a 207.77 acre tract described as First Tract, conveyed to Victor Hosek and wife, Ivarene Voigt Hosek, and Rosale Voigt Scott, by Warranty Deed dated October 9, 1978, of record in Volume 491, Pages 288-291, Deed Records of Atascosa County, Texas, comprised of 23.10 acres out of the H. B. Theobold Survey #210, Abstract #849, and 15.4 acres out of the Geo. W. Thomes Survey #209, Abstract #848, said 38.5 acres being more particularly described as follows:

BEGINNING at a 1/2 inch galvanzied pipe set on the Northeast boundary line of said 207.77 acre tract for the North corner of this tract, from which place of beginning, the North corner of said 207.77 acre tract bears N. 40 deg. 00 min. W. 1701 feet;

THENCE S. 40 deg. E. 3354.20 feet to a 3/4 inch galvanized pipe found on the Northwest right-of-way line of an existing 50 foot county road for the East corner of this tract;

THENCE S. 50 deg. 28 min. W. 500.00 feet along the Northwest right-of-way line of said existing 50 foot county road for a 1/2 inch galvanized pipe set for the South corner of this tract;

THENCE N. 40 deg. oo min. W. 3354.20 feet to a 1/2 inch galvanized pipe set for the West corner of this tract;

THENCE N. 50 deg. 28 min. E., 500.00 feet to the place of beginning, containing 38.5 acres of land, as surveyed on the ground by me, Victor Seguin, Registered Public Surveyor No. 1776, on this, the 13th. day of June, 1979.

This partition does not include any of the oil, gas and other minerals in, on or under the above described tracts of land, and same are to remain undivided for a period of twenty-five (25) years from date hereof and as long thereafter as oil, gas or other minerals are produced in paying quantities from the above described lands.

Witness our hands this _17th_ day of August, 1979.

_Victor Hosek_          _Ivarene Voigt Hosek_

_Rosale Voigt Scott_

BEC PLTF 0053

THE STATE OF TEXAS

COUNTY OF WILSON

Before me, the undersigned authority, on this day personally appeared Victor Hosek, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office, on this the _17th_ day of August, A. D. 1979.

JOE R. WISEMAN
Notary Public in and for
Wilson County, Texas

_Joe R. Wiseman_
Notary Public in and for Wilson County,
Texas.

THE STATE OF TEXAS

COUNTY OF WILSON

Before me, the undersigned authority, on this day personally appeared Ivarene Voigt Hosek, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that she executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office, on this the _17th_ day of August, A. D. 1979.

JOE R. WISEMAN
Notary Public in and for
Wilson County, Texas

_Joe R. Wiseman_
Notary Public in and for Wilson County,
Texas.

THE STATE OF TEXAS

COUNTY OF WILSON

Before me, the undersigned authority, on this day personally appeared Rosale Voigt Scott, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that she executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office, on this the _17th_ day of _____, A. D. 1969.

JOE R. WISEMAN
Public in and for
_____, Texas

_Joe R. Wiseman_
Notary Public in and for _Wilson_
County, Texas.

JOE R. WISEMAN
Notary Public in and for
Wilson County, Texas

-5-

BEC PLTF 0054

## CERTIFICATE OF RECORD

THE STATE OF TEXAS
COUNTY OF ATASCOSA — I, ELIDIA SEGURA, Clerk of the County Court, in and for said

County do hereby certify that the foregoing instrument of writing, with its certificate of authentication, was filed for record in my office the _____ day of _____ A.D. 19____ at

_____ o'clock _____ M. and duly recorded the _____ day of _____ A.D. 19____

at _____ o'clock _____ M. in _____ Records of said County in Vol. _____

on Page _____

IN TESTIMONY WHEREOF, witness my hand and official seal at office, this _____ day

of _____ A.D. 19____

By _____ Deputy

ELIDIA SEGURA
Clerk, County Court, Atascosa County

---

PRTITION DEED

VICTOR HOSEK And wife
IVARENE VOIGT HOSEK
AND ROSALE VOIGT SCOTT

Filed for Record
_____ Day of Aug. 19___
at 2:10 o'clock ___ P.M.

ELIDIA SEGURA
County Clerk, Atascosa County
By _____ Deputy

Return to
Victor Hosek
Rt. 4 Box 6-A
Floresville, Texas
78114

JOE R. WISEMAN
ATTORNEY AT LAW
FLORESVILLE, TEXAS

VOL. 510 PAGE 131

BEC-PLTF-0055

# Tab D

CAUSE NO. 13-06-0559-CVA

| | | |
|---|---|---|
| IVARENE HOSEK AND VICTOR HOSEK, | § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | |
| v. | § § § | 81ST JUDICIAL DISTRICT |
| ROSALE SCOTT, | § § | |
| Defendant. | § | ATASCOSA COUNTY, TEXAS |

## FINAL JUDGMENT

The Court, having considered the pleadings, the file, the evidence presented, and the argument of counsel, finds that the following final judgment should be entered.

On March 3, 2014, the Court issued an Order Granting Defendant's Motion for Partial Summary Judgment. That Order provided, and the Court hereby incorporates that Order, and orders, adjudges and decrees as follows:

The Court rules that the Deed of Partition dated August 17, 1979 between Plaintiffs IVARENE HOSEK and VICTOR HOSEK (the "Hoseks") and Defendant ROSALE SCOTT ("Scott") recorded at Vol. 510, Page 126, Real roperty Records of Atascosa County, Texas (the "Partition Deed") is unambiguous as a matter of law and has the effect as urged by Defendant.

IT IS THEREFORE ORDERED that judgment is **granted** in favor of Defendant ROSALE SCOTT and that: (1) the Partition Deed is unambiguous as a matter of law; (2) the Partition Deed partitioned the surface, but did not partition the minerals; (3) as to the minerals, the Hoseks and Scott agreed not only that they were not partitioned, but also that they would not partition them until the

FILED 9:37 O'CLOCK A M
MARGARET E. LITTLETON, DISTRICT CLERK

Page | 1

CIVIL

VOL 89 PAGE 1466

JUN 2 0 2014

CLERK DISTRICT COURT, ATASCOSA CO, TX
BY _____ DEPUTY

210

expiration of the stated time limits, and whether the minerals would ever be partitioned by the owners remained an open question and the Hoseks and Scott continued to own an undivided one-half of the minerals, each; and (4) that since there has been no subsequent partition of the minerals, Defendant ROSALE SCOTT therefore currently owns fifty percent (50%) of the minerals under the 169.27 acres of land, the surface of which was deeded to the Hoseks on pages 1-3 of the Partition Deed, whose legal description is attached as Exhibit "A" and incorporated by reference.

On June 18, 2014, the Court issued an Order Granting Defendant's Notice of Non-Suit Without Prejudice of Defendant's Remaining Counterclaims Against Plaintiffs, which non-suited Defendant's counterclaims for bonuses and royalties against Plaintiff.

On June 18, 2014, the Court issued an Order Granting Attorneys' Fees, which granted Defendant attorneys' fees as shown in that Order. Therefore, it is ordered, adjudged and decreed that Defendant ROSALE SCOTT have and recover judgment against Plaintiffs IVARENE HOSEK and VICTOR HOSEK in the following amounts:

1. $ _39,500_ in attorney's fees through entry of judgment and setting of a supersedeas bond.

2. A conditional award of additional reasonable and necessary attorney's fees of $_____ _2,500_ in the event a new trial is sought in the trial court and Rosale Scott prevails, plus if an appeal occurs and Rosale Scott prevails, in the following amounts: 1) $_12,500_ for an appeal to the Court of Appeals; 2) $_3,500_ if any part of the judgment is appealed to the Texas Supreme Court by Writ of Error; and 3)

$ _15,500_ should the petition for review be granted by the Texas Supreme Court and Rosale Scott prevails.

THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that judgment is entered as set forth above.

IT IS FURTHER, ORDERED that all court costs incurred by Rosale Scott in connection with this action are taxed against Plaintiffs, Ivarene Hosek and Victor Hosek;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Judgment shall draw post-judgment interest at the rate of five percent (5%) per annum from the date of this Judgment until it is paid, plus costs of court.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall immediately have all writs, orders and other assistance for collection of this judgment, for which let execution issue immediately.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all relief not specifically granted is denied.

This judgment finally disposes of all parties and claims, is appealable and is a final judgment.

SIGNED this _19_ day of _June_, 2014.

_Fred Shannon_
FRED SHANNON, JUDGE PRESIDING

**APPROVED AS TO FORM ONLY:**

Michele Barber Chimene
State Bar No. 04207500
**THE CHIMENE LAW FIRM**
15203 Newfield Bridge Lane
Sugar Land, Texas 77498
Telephone: 713-474-5538
Email: michelec@airmail.net

Co-counsel:

ROBERT J. OGLE
State Bar No. 15231350
**ROBERT J. OGLE, ATTORNEY AT LAW**
508 E. San Antonio Street
Boerne, Texas 78006
Telephone: (830) 249-9358
Facsimile: (830) 249-8508
Email: Bob@ogleattorney.com

**ATTORNEY FOR PLAINTIFFS,
VICTOR HOSEK AND IVARENE HOSEK**

**BARTON, EAST & CALDWELL, L.L.P.**
One Riverwalk Place, Suite 1825
700 N. St. Mary's Street
San Antonio, Texas 78205
Telephone: (210) 225-1655
Facsimile: (210) 225-8999

By: _____
    G. WADE CALDWELL
    State Bar No. 03621020
    Email: gcaldwell@beclaw.com
    RAQUEL G. PEREZ
    State Bar No. 00784746
    Email: rperez@beclaw.com

**ATTORNEYS FOR DEFENDANT, ROSALE SCOTT**
M:\2000\2200 OIL AND GAS CLIENTS\121 Hosek v Scott\Pleadings\JUDGMENT.docx

Page | 4

213

## EXHIBIT A

207.77 acres of land, situated about 20 miles S 85 deg. E. from Jourdanton, Texas, and being made up of 11 acres out of the John Hefron Survey No. 214, Abstract No. 393; 27 acres out of the H. B. Theobold Survey No. 210, Abstract No. 849; 105.77 acres out of the Geo. W. Thomas Survey No. 209, Abstract No. 848; and 64 acres out of the John Smith Survey No. 213, Abstract No. 804; and being a part of Subdivisions Nos. I, II and III of the Robert Krause 1103 acre tract, and said 207.77 acres, in one body, being described by metes and bounds as follows, to-wit:

BEGINNING at a corner fence post on the N. W. side of a 20 foot public road traversing the Robert Krause tract of land, the same being the east corner of Subdivision No. III, and the east corner of this tract;

THENCE S. 50 deg. 00' W. 793.0 feet with the North line of said 20 foot road to a stake set on same for the lower southwest corner of this tract and the lower southeast corner of a 322.6 acre tract;

THENCE N. 40 deg. 00' W. 1737.5 feet to a stake set for the inner southwest corner of this tract and the inner southeast corner of said 322.6 acre tract;

THENCE S. 50 deg. 00' W. 1560.0 feet to a stake set for the upper southwest corner of this tract and a corner of said 322.6 acre tract;

THENCE N. 40 deg. 00' W. 2915.0 feet to a stake set in the south fence line of an 8.6 acre tract for the Northwest corner of this tract and the Northeast corner of said 322.6 acre tract;

THENCE N. 69 deg. 37' E. 112.5 feet with fence line to the Southeast corner of fence post of said 8.6 acre tract;

THENCE N. 0 deg. 33' W. 373.5 feet with fence line to the Northeast corner fence post of said 8.6 acre tract;

THENCE N. 59 deg. 32' E. 570.0 feet with fence line to corner fence post;

THENCE N. 39 deg. 07' W. 363.5 feet with fence line to corner fence post for corner, same being the West corner of Subdivision No. III;

THENCE N. 53 deg. 31' E. 1432.0 feet with fence line to corner fence post for the Northeast corner of this tract, same being the North corner of Subdivision No. III;

THENCE S. 40 deg. 00' E. 5083.0 feet with the common boundary fence line of Subdivisions Nos. III and IV to the place of beginning, containing within the above metes and bounds 207.77 acres of land, comprised as aforesaid of 11 acres out of the John Hefron Survey No. 214; 27 acres out of the H. B. Theobald Survey No. 210; 105.77 acres out of the Geo. W.

214

Thomas Survey No. 209; and, 64 acres out of the John Smith Survey No. 213. Surveyed on April 19, 1948, by John M. Peel, County Surveyor of Atascosa County, Texas.

And being the same land described in deed dated May 6, 1948, from L. W. Stieren to FRIDOLIN VOIGT and recorded in Vol. 189, Pages 379-382, of the Deed Records of Atascosa County, Texas.

LESS all that certain tract or parcel of land containing 38.5 acres of land, being a portion of the 207.77 acres tract described as First Tract, conveyed to Victor Hosek and wife, Ivarene Voigt Hosek, and Rosale Voigt Scott, by Warranty Deed dated October 9, 1978, of record in Volume 491, Pages 288-291, Deed Records of Atascosa County, Texas, comprised of 23.10 acres out of the H. B. Theobold Survey #210, Abstract #849, and 15.4 acres out of the Geo. W. Thomas Survey #209, Abstract #848, said 38.5 acres being more particularly described as follows:

BEGINNING at a 1/2 inch galvanized pipe set on the Northeast boundary line of said 207.77 acre tract for the North corner of this tract, from which Place of Beginning, the North corner of said 207.77 acre tract bears N. 40 deg. 00 min. W., 1701.00 feet;

THENCE S. 40 deg. E. 3354.20 feet to a 3/4 inch galvanized pipe found on the Northwest Right-of-Way line of an existing 50 feet county road for the East corner of this tract;

THENCE S. 50 deg. 28 min. W. 500.00 feet along the Northwest Right-of-Way line of said existing 50 foot county road for a 1/2 inch galvanized pipe set for the south corner of this tract;

THENCE N. 40 deg. 00 min. W. 3354.20 feet to a 1/2 inch galvanized pipe set for the West corner of this tract;

THENCE N. 50 deg. 28 min. E. 500.00 feet to the Place of Beginning, containing 38.5 acres of land, as surveyed on the ground by Victor Seguin, Registered Public Surveyor No. 1776, on the 13th day of June, 1979.

# Tab E

*Texas Court Rules* > *STATE RULES* > *TEXAS RULES OF APPELLATE PROCEDURE* > *SECTION TWO. APPEALS FROM TRIAL COURT JUDGMENTS AND ORDERS*

## Rule 34 Appellate Record

**34.1** *Contents.* --The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record. Even if more than one notice of appeal is filed, there should be only one appellate record in a case.

**34.2** *Agreed Record.* --By written stipulation filed with the trial court clerk, the parties may agree on the contents of the appellate record. An agreed record will be presumed to contain all evidence and filings relevant to the appeal. To request matter to be included in the agreed record, the parties must comply with the procedures in Rules 34.5 and 34.6.

**34.3** *Agreed Statement of the Case.* --In lieu of a reporter's record, the parties may agree on a brief statement of the case. The statement must be filed with the trial court clerk and included in the appellate record.

**34.4** *Form.* --The Supreme Court and Court of Criminal Appeals will prescribe the form of the appellate record.

**34.5** *Clerk's Record.*

**(a)** *Contents.* --Unless the parties designate the filings in the appellate record by agreement under Rule 34.2, the record must include copies of the following:

**(1)** in civil cases, all pleadings on which the trial was held;

**(2)** in criminal cases, the indictment or information, any special plea or defense motion that was presented to the court and overruled, any written waiver, any written stipulation, and, in cases in which a plea of guilty or nolo contendere has been entered, any documents executed for the plea;

**(3)** the court's docket sheet;

**(4)** the court's charge and the jury's verdict, or the court's findings of fact and conclusions of law;

**(5)** the court's judgment or other order that is being appealed;

**(6)** any request for findings of fact and conclusions of law, any post-judgment motion, and the court's order on the motion;

**(7)** the notice of appeal;

**(8)** any formal bill of exception;

**(9)** any request for a reporter's record, including any statement of points or issues under Rule 34.6(c);

**(10)** any request for preparation of the clerk's record;

**(11)** in civil cases, a certified bill of costs, including the cost of preparing the clerk's record, showing credits for payments made;

**(12)** in criminal cases, the trial court's certification of the defendant's right of appeal under Rule 25.2; and

**(13)** subject to (b), any filing that a party designates to have included in the record.

**(b)** *Request for Additional Items.*

**(1)** *Time for Request.* --At any time before the clerk's record is prepared, any party may file with the trial court clerk a written designation specifying items to be included in the record.

**(2)** *Request Must Be Specific.* --A party requesting that an item be included in the clerk's record must specifically describe the item so that the clerk can readily identify it. The clerk will disregard a general

designation, such as one for "all papers filed in the case."

**(3)** *Requesting Unnecessary Items.*   --In a civil case, if a party requests that more items than necessary be included in the clerk's record or any supplement, the appellate court may - regardless of the appeal's outcome - require that party to pay the costs for the preparation of the unnecessary portion.

**(4)** *Failure to Timely Request.*   --An appellate court must not refuse to file the clerk's record or a supplemental clerk's record because of a failure to timely request items to be included in the clerk's record.

**(c)** *Supplementation.*

**(1)** If a relevant item has been omitted from the clerk's record, the trial court, the appellate court, or any party may by letter direct the trial court clerk to prepare, certify, and file in the appellate court a supplement containing the omitted item.

**(2)** If the appellate court in a criminal case orders the trial court to prepare and file findings of fact and conclusions of law as required by law, or certification of the defendant's right of appeal as required by these rules, the trial court clerk must prepare, certify, and file in the appellate court a supplemental clerk's record containing those findings and conclusions.

**(3)** Any supplemental clerk's record will be part of the appellate record.

**(d)** *Defects or Inaccuracies.*   --If the clerk's record is defective or inaccurate, the appellate clerk must inform the trial court clerk of the defect or inaccuracy and instruct the clerk to make the correction.

**(e)** *Clerk's Record Lost or Destroyed.*   --If a filing designated for inclusion in the clerk's record has been lost or destroyed, the parties may, by written stipulation, deliver a copy of that item to the trial court clerk for inclusion in the clerk's record or a supplement. If the parties cannot agree, the trial court must - on any party's motion or at the appellate court's request - determine what constitutes an accurate copy of the missing item and order it to be included in the clerk's record or a supplement.

**(f)** *Original Documents.*   --If the trial court determines that original documents filed with the trial court clerk should be inspected by the appellate court or sent to that court in lieu of copies, the trial court must make an order for the safekeeping, transportation, and return of those original documents. The order must list the original documents and briefly describe them. All the documents must be arranged in their listed sequence and bound firmly together. On any party's motion or its own initiative, the appellate court may direct the trial court clerk to send it any original document.

**(g)** *Additional Copies of Clerk's Record in Criminal Cases.*   --In a criminal case, the clerk's record must be made in duplicate, and in a case in which the death penalty was assessed, in triplicate. The trial court clerk must retain the copy or copies for the parties to use with the court's permission.

**(h)** *Clerk May Consult with Parties.*   --The clerk may consult with the parties concerning the contents of the clerk's record.

**34.6** *Reporter's Record.*

**(a)** *Contents.*

**(1)** *Stenographic Recording.*   --If the proceedings were stenographically recorded, the reporter's record consists of the court reporter's transcription of so much of the proceedings, and any of the exhibits, that the parties to the appeal designate.

**(2)** *Electronic Recording.*   --If the proceedings were electronically recorded, the reporter's record consists of certified copies of all tapes or other audio-storage devices on which the proceedings were recorded, any of the exhibits that the parties to the appeal designate, and certified copies of the logs prepared by the court recorder under Rule 13.2.

**(b)** *Request for Preparation.*

ELISA BARENBLAT

(1) *Request to Court Reporter.* --At or before the time for perfecting the appeal, the appellant must request in writing that the official reporter prepare the reporter's record. The request must designate the exhibits to be included. A request to the court reporter - but not the court recorder - must also designate the portions of the proceedings to be included.

(2) *Filing.* --The appellant must file a copy of the request with the trial court clerk.

(3) *Failure to Timely Request.* --An appellate court must not refuse to file a reporter's record or a supplemental reporter's record because of a failure to timely request it.

(c) *Partial Reporter's Record.*

(1) *Effect on Appellate Points or Issues.* --If the appellant requests a partial reporter's record, the appellant must include in the request a statement of the points or issues to be presented on appeal and will then be limited to those points or issues.

(2) *Other Parties May Designate Additions.* --Any other party may designate additional exhibits and portions of the testimony to be included in the reporter's record.

(3) *Costs; Requesting Unnecessary Matter.* --Additions requested by another party must be included in the reporter's record at the appellant's cost. But if the trial court finds that all or part of the designated additions are unnecessary to the appeal, the trial court may order the other party to pay the costs for the preparation of the unnecessary additions. This paragraph does not affect the appellate court's power to tax costs differently.

(4) *Presumptions.* --The appellate court must presume that the partial reporter's record designated by the parties constitutes the entire record for purposes of reviewing the stated points or issues. This presumption applies even if the statement includes a point or issue complaining of the legal or factual insufficiency of the evidence to support a specific factual finding identified in that point or issue.

(5) *Criminal Cases.* --In a criminal case, if the statement contains a point complaining that the evidence is insufficient to support a finding of guilt, the record must include all the evidence admitted at the trial on the issue of guilt or innocence and punishment.

(d) *Supplementation.* --If anything relevant is omitted from the reporter's record, the trial court, the appellate court, or any party may by letter direct the official court reporter to prepare, certify, and file in the appellate court a supplemental reporter's record containing the omitted items. Any supplemental reporter's record is part of the appellate record.

(e) *Inaccuracies in the Reporter's Record.*

(1) *Correction of Inaccuracies by Agreement.* --The parties may agree to correct an inaccuracy in the reporter's record, including an exhibit, without the court reporter's recertification.

(2) *Correction of Inaccuracies by Trial Court.* --If the parties cannot agree on whether or how to correct the reporter's record so that the text accurately discloses what occurred in the trial court and the exhibits are accurate, the trial court must - after notice and hearing - settle the dispute. If the court finds any inaccuracy, it must order the court reporter to conform the reporter's record (including text and any exhibits) to what occurred in the trial court, and to file certified corrections in the appellate court.

(3) *Correction After Filing in Appellate Court.* --If the dispute arises after the reporter's record has been filed in the appellate court, that court may submit the dispute to the trial court for resolution. The trial court must then proceed as under subparagraph (e)(2).

(f) *Reporter's Record Lost or Destroyed.* --An appellant is entitled to a new trial under the following circumstances:

(1) if the appellant has timely requested a reporter's record;

(2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes

and records has been lost or destroyed or - if the proceedings were electronically recorded - a significant portion of the recording has been lost or destroyed or is inaudible;

**(3)** if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and

**(4)** if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

**(g)** *Original Exhibits.*

**(1)** *Reporter May Use in Preparing Reporter's Record.* --At the court reporter's request, the trial court clerk must give all original exhibits to the reporter for use in preparing the reporter's record. Unless ordered to include original exhibits in the reporter's record, the court reporter must return the original exhibits to the clerk after copying them for inclusion in the reporter's record. If someone other than the trial court clerk possesses an original exhibit, either the trial court or the appellate court may order that person to deliver the exhibit to the trial court clerk.

**(2)** *Use of Original Exhibits by Appellate Court.* --If the trial court determines that original exhibits should be inspected by the appellate court or sent to that court in lieu of copies, the trial court must make an order for the safekeeping, transportation, and return of those exhibits. The order must list the exhibits and briefly describe them. To the extent practicable, all the exhibits must be arranged in their listed order and bound firmly together before being sent to the appellate clerk. On any party's motion or its own initiative, the appellate court may direct the trial court clerk to send it any original exhibit.

**(h)** *Additional Copies of Reporter's Record in Criminal Cases.* --In a criminal case in which a party requests a reporter's record, the court reporter must prepare a duplicate of the reporter's record and file it with the trial court clerk. In a case where the death penalty was assessed, the court reporter must prepare two duplicates of the reporter's record.

**(i)** *Supreme Court and Court of Criminal Appeals May Set Fee.* --From time to time, the Supreme Court and the Court of Criminal Appeals may set the fee that the court reporters may charge for preparing the reporter's record.

Texas Rules

Copyright © 2015 by Matthew Bender & Company, Inc. a member of the LexisNexis Group. All rights reserved.

*Texas Court Rules* **>** *STATE RULES* **>** *TEXAS RULES OF APPELLATE PROCEDURE* **>** *SECTION TWO. APPEALS FROM TRIAL COURT JUDGMENTS AND ORDERS*

# Rule 38 Requisites of Briefs

**38.1.** ***Appellant's Brief.*** --The appellant's brief must, under appropriate headings and in the order here indicated, contain the following:

**(a)** ***Identity of Parties and Counsel.*** --The brief must give a complete list of all parties to the trial court's judgment or order appealed from, and the names and addresses of all trial and appellate counsel, except as otherwise provided in Rule 9.8.

**(b)** ***Table of Contents.*** --The brief must have a table of contents with references to the pages of the brief. The table of contents must indicate the subject matter of each issue or point, or group of issues or points.

**(c)** ***Index of Authorities.*** --The brief must have an index of authorities arranged alphabetically and indicating the pages of the brief where the authorities are cited.

**(d)** ***Statement of the Case.*** --The brief must state concisely the nature of the case (e.g., whether it is a suit for damages, on a note, or involving a murder prosecution), the course of proceedings, and the trial court's disposition of the case. The statement should be supported by record references, should seldom exceed one-half page, and should not discuss the facts.

**(e)** ***Any Statement Regarding Oral Argument.*** --The brief may include a statement explaining why oral argument should or should not be permitted. Any such statement must not exceed one page and should address how the court's decisional process would, or would not, be aided by oral argument. As required by Rule 39.7, any party requesting oral argument must note that request on the front cover of the party's brief.

**(f)** ***Issues Presented.*** --The brief must state concisely all issues or points presented for review. The statement of an issue or point will be treated as covering every subsidiary question that is fairly included.

**(g)** ***Statement of Facts.*** --The brief must state concisely and without argument the facts pertinent to the issues or points presented. In a civil case, the court will accept as true the facts stated unless another party contradicts them. The statement must be supported by record references.

**(h)** ***Summary of the Argument.*** --The brief must contain a succinct, clear, and accurate statement of the arguments made in the body of the brief. This summary must not merely repeat the issues or points presented for review.

**(i)** ***Argument.*** --The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.

**(j)** ***Prayer.*** --The brief must contain a short conclusion that clearly states the nature of the relief sought.

**(k)** ***Appendix in Civil Cases.***

  **(1)** ***Necessary Contents.*** --Unless voluminous or impracticable, the appendix must contain a copy of:

    **(A)** the trial court's judgment or other appealable order from which relief is sought;

    **(B)** the jury charge and verdict, if any, or the trial court's findings of fact and conclusions of law, if any; and

    **(C)** the text of any rule, regulation, ordinance, statute, constitutional provision, or other law (excluding case law) on which the argument is based, and the text of any contract or other document that is central to the argument.

  **(2)** ***Optional Contents.*** --The appendix may contain any other item pertinent to the issues or points presented

for review, including copies or excerpts of relevant court opinions, laws, documents on which the suit was based, pleadings, excerpts from the reporter's record, and similar material. Items should not be included in the appendix to attempt to avoid the page limits for the brief.

**38.2.** *Appellee's Brief.*

   **(a)** *Form of Brief.*

      **(1)** An appellee's brief must conform to the requirements of Rule 38.1, except that:

         **(A)** the list of parties and counsel is not required unless necessary to supplement or correct the appellant's list;

         **(B)** the appellee's brief need not include a statement of the case, a statement of the issues presented, or a statement of facts, unless the appellee is dissatisfied with that portion of the appellant's brief; and

         **(C)** the appendix to the appellee's brief need not contain any item already contained in an appendix filed by the appellant.

      **(2)** When practicable, the appellee's brief should respond to the appellant's issues or points in the order the appellant presented those issues or points.

   **(b)** *Cross-Points.*

      **(1)** *Judgment Notwithstanding the Verdict.* --When the trial court renders judgment notwithstanding the verdict on one or more questions, the appellee must bring forward by cross-point any issue or point that would have vitiated the verdict or that would have prevented an affirmance of the judgment if the trial court had rendered judgment on the verdict. Failure to bring forward by cross-point an issue or point that would vitiate the verdict or prevent an affirmance of the judgment waives that complaint. Included in this requirement is a point that:

         **(A)** the verdict or one or more jury findings have insufficient evidentiary support or are against the overwhelming preponderance of the evidence as a matter of fact; or

         **(B)** the verdict should be set aside because of improper argument of counsel.

      **(2)** *When Evidentiary Hearing Needed.* --The appellate court must remand a case to the trial court to take evidence if:

         **(A)** the appellate court has sustained a point raised by the appellant; and

         **(B)** the appellee raised a cross-point that requires the taking of additional evidence.

**38.3.** *Reply Brief.* --The appellant may file a reply brief addressing any matter in the appellee's brief. However, the appellate court may consider and decide the case before a reply brief is filed.

**38.4.** [Deleted by Texas Supreme Court, Misc. Docket No. 12-9190 and Texas Court of Criminal Appeals, Misc. Docket No. 12-001, effective December 1, 2012.]

**38.5.** *Appendix for Cases Recorded Electronically.* --In cases where the proceedings were electronically recorded, the following rules apply:

   **(a)** *Appendix.*

      **(1)** *In General.* --At or before the time a party's brief is due, the party must file one copy of an appendix containing a transcription of all portions of the recording that the party considers relevant to the appellate issues or points. Unless another party objects, the transcription will be presumed accurate.

      **(2)** *Repetition Not Required.* --A party's appendix need not repeat evidence included in any previously filed appendix.

      **(3)** *Form.* --The form of the appendix and transcription must conform to any specifications of the Supreme Court and Court of Criminal Appeals concerning the form of the reporter's record except that it need not

have the reporter's certificate.

**(4) Notice.** --At the time the appendix is filed, the party must give written notice of the filing to all parties to the trial court's judgment or order. The notice must specify, by referring to the index numbers in the court recorder's logs, those parts of the recording that are included in the appendix. The filing party need not serve a copy of the appendix but must make a copy available to all parties for inspection and copying.

**(b) Presumptions.** --The same presumptions that apply to a partial reporter's record under Rule 34.6(c)(4) apply to the parties' appendixes. The appellate court need not review any part of the electronic recording.

**(c) Supplemental Appendix.** --The appellate court may direct or allow a party to file a supplemental appendix containing a transcription of additional portions of the recording.

**(d) Inability to Pay.** --A party who cannot pay the cost of an appendix must file the affidavit provided for by Rule 20. The party must also state in the affidavit or a supplemental affidavit that the party has neither the access to the equipment necessary nor the skill necessary to prepare the appendix. If a contest to the affidavit is not sustained by written order, the court recorder must transcribe or have transcribed those portions of the recording that the party designates and must file the transcription as that party's appendix, along with all exhibits.

**(e) Inaccuracies.**

**(1) Correction by Agreement.** --The parties may agree to correct an inaccuracy in the transcription of the recording.

**(2) Correction by Appellate or Trial Court.** --If the parties dispute whether an electronic recording or transcription accurately discloses what occurred in the trial court but cannot agree on corrections, the appellate court may:

**(A)** settle the dispute by reviewing the recording; or

**(B)** submit the dispute to the trial court, which must - after notice and hearing - settle the dispute and ensure that the recording or transcription is made to conform to what occurred in the trial court.

**(f) Costs.** --The actual expense of preparing the appendixes or the amount prescribed for official reporters, whichever is less, is taxed as costs. The appellate court may disallow the cost of any portion of the appendixes that it considers surplusage or that does not conform to any specifications prescribed by the Supreme Court or Court of Criminal Appeals.

**38.6. Time to File Briefs.**

**(a) Appellant's Filing Date.** --Except in a habeas corpus or bail appeal, which is governed by Rule 31, an appellant must file a brief within 30 days - 20 days in an accelerated appeal - after the later of:

**(1)** the date the clerk's record was filed; or

**(2)** the date the reporter's record was filed.

**(b) Appellee's Filing Date.** --The appellee's brief must be filed within 30 days - 20 days in an accelerated appeal - after the date the appellant's brief was filed. In a civil case, if the appellant has not filed a brief as provided in this rule, an appellee may file a brief within 30 days - 20 days in an accelerated appeal - after the date the appellant's brief was due.

**(c) Filing Date for Reply Brief.** --A reply brief, if any, must be filed within 20 days after the date the appellee's brief was filed.

**(d) Modifications of Filing Time.** --On motion complying with Rule 10.5(b), the appellate court may extend the time for filing a brief and may postpone submission of the case. A motion to extend the time to file a brief may be filed before or after the date the brief is due. The court may also, in the interests of justice, shorten the time for filing briefs and for submission of the case.

**38.7. Amendment or Supplementation.** --A brief may be amended or supplemented whenever justice requires, on

whatever reasonable terms the court may prescribe.

**38.8.** *Failure of Appellant to File Brief.*

**(a)** *Civil Cases.* --If an appellant fails to timely file a brief, the appellate court may:

**(1)** dismiss the appeal for want of prosecution, unless the appellant reasonably explains the failure and the appellee is not significantly injured by the appellant's failure to timely file a brief;

**(2)** decline to dismiss the appeal and give further direction to the case as it considers proper; or

**(3)** if an appellee's brief is filed, the court may regard that brief as correctly presenting the case and may affirm the trial court's judgment upon that brief without examining the record.

**(b)** *Criminal Cases.*

**(1)** *Effect.* --An appellant's failure to timely file a brief does not authorize either dismissal of the appeal or, except as provided in (4), consideration of the appeal without briefs.

**(2)** *Notice.* --If the appellant's brief is not timely filed, the appellate clerk must notify counsel for the parties and the trial court of that fact. If the appellate court does not receive a satisfactory response within ten days, the court must order the trial court to immediately conduct a hearing to determine whether the appellant desires to prosecute his appeal, whether the appellant is indigent, or, if not indigent, whether retained counsel has abandoned the appeal, and to make appropriate findings and recommendations.

**(3)** *Hearing.* --In accordance with (2), the trial court must conduct any necessary hearings, make appropriate findings and recommendations, and have a record of the proceedings prepared, which record - including any order and findings - must be sent to the appellate court.

**(4)** *Appellate Court Action.* --Based on the trial court's record, the appellate court may act appropriately to ensure that the appellant's rights are protected, including initiating contempt proceedings against appellant's counsel. If the trial court has found that the appellant no longer desires to prosecute the appeal, or that the appellant is not indigent but has not made the necessary arrangements for filing a brief, the appellate court may consider the appeal without briefs, as justice may require.

**38.9.** *Briefing Rules to be Construed Liberally.* --Because briefs are meant to acquaint the court with the issues in a case and to present argument that will enable the court to decide the case, substantial compliance with this rule is sufficient, subject to the following.

**(a)** *Formal Defects.* --If the court determines that this rule has been flagrantly violated, it may require a brief to be amended, supplemented, or redrawn. If another brief that does not comply with this rule is filed, the court may strike the brief, prohibit the party from filing another, and proceed as if the party had failed to file a brief.

**(b)** *Substantive Defects.* --If the court determines, either before for after submission, that the case has not been properly presented in the briefs, or that the law and authorities have not been properly cited in the briefs, the court may postpone submission, require additional briefing, and make any other order necessary for a satisfactory submission of the case.

# History

Amended by Texas Supreme Court, Misc. Docket No. 08-9115 and Texas Court of Criminal Appeals, Misc. Docket No. 08-103, effective September 1, 2008; Amended by Texas Supreme Court, Misc. Docket No. 12-9190 and Texas Court of Criminal Appeals, Misc. Docket No. 12-001, effective December 1, 2012.

*Texas Court Rules* > *STATE RULES* > *TEXAS RULES OF APPELLATE PROCEDURE* > *SECTION TWO. APPEALS FROM TRIAL COURT JUDGMENTS AND ORDERS*

## Rule 39 Oral Argument; Decision Without Argument

**39.1** *Right to Oral Argument.* --A party who has filed a brief and who has timely requested oral argument may argue the case to the court unless the court, after examining the briefs, decides that oral argument is unnecessary for any of the following reasons:

**(a)** the appeal is frivolous;

**(b)** the dispositive issue or issues have been authoritatively decided;

**(c)** the facts and legal arguments are adequately presented in the briefs and record; or

**(d)** the decisional process would not be significantly aided by oral argument.

**39.2** *Purpose of Argument.* --Oral argument should emphasize and clarify the written arguments in the briefs. Counsel should not merely read from prepared text. Counsel should assume that all members of the court have read the briefs before oral argument and counsel should be prepared to respond to questions. A party should not refer to or comment on matters not involved in or pertaining to what is in the record.

**39.3** *Time Allowed.* --The court will set the time that will be allowed for argument. Counsel must complete argument in the time allotted and may continue after the expiration of the allotted time only with permission of the court. Counsel is not required to use all the allotted time. The appellant must be allowed to conclude the argument.

**39.4** *Number of Counsel.* --Generally, only one counsel should argue for each side. Except on leave of court, no more than two counsel on each side may argue. Only one counsel may argue in rebuttal.

**39.5** *Argument by Amicus.* --With leave of court obtained before the argument and with a party's consent, an amicus curiae may share allotted time with that party. Otherwise, counsel for amicus may not argue.

**39.6** *When Only One Party Files a Brief.* --If counsel for only one party has filed a brief, the court may allow that party to argue.

**39.7** *Request and Waiver.* --A party desiring oral argument must note that request on the front cover of the party's brief. A party's failure to request oral argument waives the party's right to argue. But even if a party has waived oral argument, the court may direct the party to appear and argue.

**39.8** *Clerk's Notice.* --The clerk must send to the parties - at least 21 days before the date the case is set for argument or submission without argument - a notice telling the parties:

**(a)** whether the court will allow oral argument or will submit the case without argument;

**(b)** the date of argument or submission without argument;

**(c)** if argument is allowed, the time allotted for argument; and

**(d)** the names of the members of the panel to which the case will be argued or submitted, subject to the change by the court.

A party's failure to receive the notice does not prevent a case's argument or submission on the scheduled date.

## History

Amended by Texas Supreme Court, Misc. Docket No. 08-9115 and Texas Court of Criminal Appeals, Misc. Docket No. 08-103, effective September 1, 2008.

ELISA BARENBLAT

Tex. R. App. P. Rule 39

Texas Rules

Copyright © 2015 by Matthew Bender & Company, Inc. a member of the LexisNexis Group. All rights reserved.

ELISA BARENBLAT

# Tab F

# Rule 94 Affirmative Defenses

In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. Where the suit is on an insurance contract which insures against certain general hazards, but contains other provisions limiting such general liability, the party suing on such contract shall never be required to allege that the loss was not due to a risk or cause coming within any of the exceptions specified in the contract, nor shall the insurer be allowed to raise such issue unless it shall specifically allege that the loss was due to a risk or cause coming within a particular exception to the general liability; provided that nothing herein shall be construed to change the burden of proof on such issue as it now exists.

**Annotations**

## Notes

*SOURCE:* Portion of Federal Rule 8(c), unchanged. See Rule 71 for the balance of Federal Rule 8(c).

PUBLICATION REFERENCES. --See *Texas Litigation Guide*, Ch. 70, *Answer*.

## Case Notes

Antitrust & Trade Law: Consumer Protection: Deceptive Acts & Practices: General Overview
Bankruptcy Law: Claims: Objections
Bankruptcy Law: Debtor Benefits & Duties: Debtor Duties
Bankruptcy Law: Discharge & Dischargeability: General Overview
Bankruptcy Law: Discharge & Dischargeability: Effects of Discharge: General Overview
Bankruptcy Law: Discharge & Dischargeability: Effects of Discharge: Protection
Business & Corporate Law: Corporations: Directors & Officers: Management Duties & Liabilities: Defenses: General Overview
Business & Corporate Law: Limited Liability Partnerships
Business & Corporate Law: Nonprofit Corporations & Organizations: General Overview
Civil Procedure: Justiciability: Exhaustion of Remedies: General Overview
Civil Procedure: Justiciability: Mootness: General Overview
Civil Procedure: Justiciability: Standing: General Overview
Civil Procedure: Jurisdiction: Subject Matter Jurisdiction: Jurisdiction Over Actions: General Overview
Civil Procedure: Jurisdiction: Subject Matter Jurisdiction: Supplemental Jurisdiction: General Overview
Civil Procedure: Jurisdiction: Subject Matter Jurisdiction: Supplemental Jurisdiction: Same Case & Controversy
Civil Procedure: Pleading & Practice: Defenses, Demurrers & Objections: Affirmative Defenses: General Overview
Civil Procedure: Pleading & Practice: Defenses, Demurrers & Objections: Affirmative Defenses: Accord & Satisfaction
Civil Procedure: Pleading & Practice: Defenses, Demurrers & Objections: Affirmative Defenses: Arbitration & Award
Civil Procedure: Pleading & Practice: Defenses, Demurrers & Objections: Affirmative Defenses: Burdens of Proof
Civil Procedure: Pleading & Practice: Defenses, Demurrers & Objections: Affirmative Defenses: Duress

*Texas* Court Rules > *STATE RULES* > *TEXAS* RULES OF CIVIL PROCEDURE > *PART II. RULES OF PRACTICE IN DISTRICT AND COUNTY COURTS* > *SECTION 8. Pre-Trial Procedure*

## Rule 166a Summary Judgment

**(a)** *For Claimant.* --A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the adverse party has appeared or answered, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to amount of damages.

**(b)** *For Defending Party.* --A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.

**(c)** *Motion and Proceedings Thereon.* --The motion for summary judgment shall state the specific grounds therefor. Except on leave of court, with notice to opposing counsel, the motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing. Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response. No oral testimony shall be received at the hearing. The judgment sought shall be rendered forthwith if (i) the deposition transcripts, interrogatory answers, and other discovery responses referenced or set forth in the motion or response, and (ii) the pleadings, admissions, affidavits, stipulations of the parties, and authenticated or certified public records, if any, on file at the time of the hearing, or filed thereafter and before judgment with permission of the court, show that, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an answer or any other response. Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal. A summary judgment may be based on uncontroverted testimonial evidence of an interested witness, or of an expert witness as to subject matter concerning which the trier of fact must be guided solely by the opinion testimony of experts, if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted.

**(d)** *Appendices, References and Other Use of Discovery Not Otherwise on File.* --Discovery products not on file with the clerk may be used as summary judgment evidence if copies of the material, appendices containing the evidence, or a notice containing specific references to the discovery or specific references to other instruments, are filed and served on all parties together with a statement of intent to use the specified discovery as summary judgment proofs: (i) at least twenty-one days before the hearing if such proofs are to be used to support the summary judgment; or (ii) at least seven days before the hearing if such proofs are to be used to oppose the summary judgment.

**(e)** *Case Not Fully Adjudicated on Motion.* --If summary judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the judge may at the hearing examine the pleadings and the evidence on file, interrogate counsel, ascertain what material fact issues exist and make an order specifying the facts that are established as a matter of law, and directing such further proceedings in the action as are just.

**(f)** *Form of Affidavits; Further Testimony.* --Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits. Defects in the form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend.

ELISA BARENBLAT

**(g)** *When Affidavits Are Unavailable.* --Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

**(h)** *Affidavits Made in Bad Faith.* --Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

**(i)** *No-Evidence Motion.* --After adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. The motion must state the elements as to which there is no evidence. The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact.

*Texas* Rules

Copyright © 2015 by Matthew Bender & Company, Inc. a member of the LexisNexis Group. All rights reserved.

ELISA BARENBLAT

# Tab G

*Texas* **Statutes and** *Codes* **>** *CIVIL PRACTICE AND REMEDIES CODE* **>** *TITLE 2. TRIAL, JUDGMENT, AND APPEAL* **>** *SUBTITLE C. JUDGMENTS* **>** *CHAPTER 37. DECLARATORY JUDGMENTS*

## § *37.009*. Costs

In any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just.

## History

Enacted by Acts 1985, 69th Leg., ch. 959 (S.B. 797), § 1, effective September 1, 1985.

LexisNexis ® *Texas* Annotated Statutes

Copyright © 2015 by Matthew Bender & Company, Inc. a member of the LexisNexis Group All rights reserved.

ELISA BARENBLAT

# Tab H

*Texas Court Rules* > *STATE RULES* > *TEXAS RULES OF EVIDENCE* > *ARTICLE VII. OPINIONS AND EXPERT TESTIMONY*

## Rule 702 Testimony by Expert Witnesses

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue.

Texas Rules

Copyright © 2015 by Matthew Bender & Company, Inc. a member of the LexisNexis Group. All rights reserved.